In the progress of this cause it was first objected to the admissibility of the probate of the paper referred to, as a will, upon the ground that *Page 302 
the certificate did not state that it was proven to have been attested by two witnesses in presence of testator. The evidence was received without prejudice to the exception. The defendant then offered the two living subscribing witnesses to prove the circumstances which attended the execution of the paper-writing, as are found in the special verdict of the jury. This evidence was objected to, but admitted without prejudice to the plaintiff. The other witness who proved it as a will was dead. The special verdict, together with the several exceptions to the evidence, are transmitted to the Supreme Court for their determination. The paperwriting referred to, together with the certificate of probate, is also made part of the case.
NORTH CAROLINA — BEAUFORT COUNTY.
Know ye, all men by these presents, to whom it shall come, (398) greeting: I, the said Peregrine Fulsher, of the said county and province aforesaid, being weak in body and health, do ordain this to be my last deed of gift. In the first place, I want all my just debts paid, and funeral charges, and to be buried in a Christian-like manner. In the first place, I give to my son-in-law, Reading Squires, 350 acres of land, to him and his lawful begotten heirs of his body, after the decease of me and my wife, Tamar Fulsher. In the next place, I do give to my son-in-law, Reading Squires, all the property I own and shall own during my natural life, clear of all wills, legacies, or anything that shall come against the said Peregrine Fulsher's estate, or any encumbrances whatsoever.
 Given under my hand and seal, this 2 April, 1796. his PERRGRINE X FULCHER (L. S.) mark
Test of us, hisWilliam X Riggs. mark herSusannah X Riggs, markSamuel Harrison.
STATE OF NORTH CAROLINA — CRAVEN COUNTY. Court of Pleas and Quarter Sessions, September Term — 1811.
The last will and testament of Peregrine Fulsher was produced, and the execution thereof by the testator was proved in open court and in due form of law by the oath of Samuel Harrison, one of the subscribing witnesses thereto, who swore that he saw the said Peregrine sign and seal, and heard the said testator declare said instrument to be and contain *Page 303 
his true and only last will and testament; and the said Samuel (399) Harrison further swore that at the time thereof the said testator was of a sound and disposing mind and memory. Whereupon, ordered that said will be recorded.
It is not necessary to decide in this case upon the nature and effect of a probate when offered in evidence, because the judge who tried the cause informs us that in point of fact the witness introduced by the defendant did prove the execution of the will in the manner required by law; and in this respect we consider the statement as amended by the judge. On the other question, we are of opinion that this instrument of writing was made with a view to the disposition of the estate after the death of Fulsher, and although it is called a deed in the body of it, and the testator was advised to make a deed, yet the whole structure and operation of it shows it to be a testamentary paper.
Judgment for plaintiff.
NOTE. — See Thompson v. McDonald, 22 N.C. 470.
Cited: University v. Blount, post, 456; Redmond v. Collins, 15 N.C. 447;Morgan v. Bass, 25 N.C. 245; Belcher's Will, 66 N.C. 54; Egertonv. Carr, 94 N.C. 652; Kerr v. Girdwood, 138 N.C. 476; In re Edwards,172 N.C. 371; In re Deyton, 177 N.C. 507.
(400)