*38
 
 Pearson, J.
 

 Admitting that there is no • error in respect to the first point, and that whether an instrument be a bond or a will, depends upon the intention of the maker, which is to be ascertained as well “from the testimony of the subscribing witness and other circumstances” as from “ the phraseology of the instrument,” it is very certain that its contents have an important bearing upon the question; in fact, the words used in it are, in most cases, decisive of the character of an instrument.
 

 "We think there is an error in respect to the second point. His Honor was of opinion that the alterations, by
 
 whomsoever
 
 or
 
 wheresoever
 
 made, did not avoid the instrument, because they did not change its
 
 legal
 
 ■effect, and consequently were im-án aterial.
 

 Erom this general language, the appellant has a right to assume that the alterations were made by
 
 the'plcdnUff after the instrument toas
 
 executed, and in that view, we are now to consider the question. This renders all the learning in reference to alterations in materia land immaterial parts, made by a
 
 strcmger,
 
 inapplicable. For the sake of avoiding a vexed question, discussed in
 
 Nunnery
 
 v. Cotten, 1 Hawks’ Rep. 222,
 
 Pullen
 
 v. Shaw, 3 Dev. 238,
 
 Matthis
 
 v. Matthis, 3 Dev. and Bat. 60, “Pigot’s case” and the numerous other cases cited, we will admit, that an alteration of a
 
 hond
 
 made by the obligee in an immaterial part, does not avoid the bond, and that any alteration is immaterial which does not change its legal effect; for instance, if an instrument is,
 
 without question ¡
 
 a bond, i. e., “ One day after date, I promise to pay A B $500, for the payment of which sum, I bind myself and my executors for value received,” (sealed and delivered,) the addition of “ administrators” after executors, or interlining
 
 “
 
 witness my hand and seal,” although made by A B, does not alter its legal effect, and, according to our admission, does not avoid the bond.
 

 But it must be borne in mind, that this admission is -made upon the supposition, that the character of the instrument as a bond is fixed. In our case, the character of the instrument
 
 *39
 
 is the very question in dispute, and bis Honor was led into error by assuming, in the first part of bis charge, that the character of the instrument was fixed, without reference to the alterations, and afterwards, in the second part of the charge, treating it as a bond, under the misapprehension that the question then was, whether the alterations changed its legal effect. The instruction prayed for, in the second place, was, that the alterations avoided the instrument, supposing it to have been executed, leaving its-character undetermined. Now, although the alterations were immaterial in reference to the legal effect of the instrument, supposing it to be a bond, yet they were clearly very material in reference to its
 
 character,
 
 that is, whether it be a bond ora testamentary disposition, for this, as we have seen, was to' be decided mainly by the words contained in it; and it may well be, that a word will change its
 
 character,
 
 although, supposing that to be fixed, the same word would not change its legal effect; for instance, if one make an instrument, in writing, for his
 
 executor
 
 to pay A B $5,000, the addition of the- word “ administrator” tends to fix its character as a bond, and to repel the idea of its being a direction to his executor as a testamentary disposition, by providing for a case of intestacy ; so, the words “ witness my hand and.seal,” have a tendency to give to it more of the appearance of a bond, and consequently to influence the decision of the question as to its character. In this view of our case, the alterations were material. It is admitted that the alteration of a bond by the obligee in a material iiart, so as to change its legal effect, avoids it. This is upon the ground, that it is a wilful and fraudulent attempt to change its nature, and amounts to a “ spoliation.” The same principle applies to an alteration of an instrument, by the party interested under it, in.a material part, so as to-change its character; upon the ground, that it is a wilful and fraudulent attempt to change its nature, and amounts to “ spoliation.” In like manner, expunging a word, if the character of the instrument be undisputed, may not change its legal effect, whereas, if the question be as to its character, such expunging may change it
 
 *40
 
 altogether, and would consequently be a material alteration.For instance, “ I give and bequeath to AB my sorrel horse,” (signed, sealed and delivered). This is a testamentary instrument. Expunge the word bequeath, and it becomes a deed of gift.
 

 The case does not state distinctly that the instrument in question was delivered. This circumstance would tend strongly to fix its character; for delivery is necessary to make a deed, and, although not wholly inconsistent with the making of a will or a testamentary disposition, is very rarely a part of the
 
 res gestee
 
 at its execution.
 

 Pee CubiaM.
 
 Venire de novo.