In the matter of the last Will and Testament of J. B. BELCHER.

A paper writing, written in any form, whether as a deed of gift, deed of sale or indenture, may be propounded as a will, and operates as such, if it appears to have been the purpose of the maker of such instrument, that it should take effect after his death. The words, "I give at my death," are operative words, and evidence of testimentary intent.

*Henry* vs. *Ballard*, 2nd C. L. R., 593.

This was an issue of *devisavit vel non,* tried before Moore, Judge at Spring Term 1871, of Edgecombe Superior Court.

It was in evidence, by a witness, William A. Darden, Jr., that while his command was at Sullivan's Island, near the city of Charleston, about the 1st of July, 1863, he was asked by John B. Belcher to write his will. Paper writing was drawn by the witness, of which the following, as he recollects, is a correct copy:

"Know all men by these presents, that I, John B. Belcher, of the State of North Carolina, Edgecombe county, for and in consideration of the natural love and affection, which I have for my aunt, Martha A. Belcher, do give at my death,

unto her, the said Martha Belcher, her heirs and assigns, all the right and interest in the lands formerly belonging to my mother, obtained in the division of the lands of Alexander Cotter, deceased, and the interest conveyed to the said Martha Belcher, I, said J. B., shall forever warrant and defend against the claim or claims of all persons whatsoever.

In testimony, whereof, I, the said John B. Belcher, have hereunto set my hand and seal, this      day of July, 1863.

                                JOHN B. BELCHER, [SEAL.]

*Witness,*

W. A. DARDEN,

J. A. NORMAN."

That witness, and J. A. Norman, signed the paper as " witnesses," at the request, and in presence of, the said Belcher, he thought also, that one J. J. Lane signed as a witness, at his suggestion. The subscribing witness, Norman, stated substantially the same thing. He, however, says nothing of Lane's signing the paper as witness. There was no testimony to show that Lane was dead or could not be found. There was evidence to show that the original paper writing was placed in the hands of R. H. Pender, and by him placed in an iron safe among his valuable papers, and that it was burnt after the death of Belcher, by one D. Pender, who supposed it to be of no value.

The caveators insisted that the paper writing could not be propounded as a will, because it differed from what was alleged in the petition of the propounder. The Court held that it was substantially the same, though different in form : " The Court instructed the jury, that if they were satisfied from the testimony of Darden and Norman, that the alleged testator executed the paper, in the manner stated by them, and that after his death it was destroyed, in the way testified to by the witnesses, the Messrs. Pender, it was their duty to find in favor of the defendant."

The jury found a verdict in favor of the propounder. The counsel for the caveator asked for a new trial, upon the ground that it appears in the petition of the propounder that J. J. Lane, and two other persons, were the attesting witnesses, and that Darden's testimony tended to establish the same fact; and that it was the duty of the Court to have charged, although not specially requested, the jury, that if the whole testimony satisfied them that there were three attesting witnesses to the alleged paper writing. The Court refused to grant a new trial and directed a *procedendo* to issue to the Probate Judge, &c.

The petition of the propounder before the Probate Judge, professing to set out only the substance of the will, stated that there were three subscribing witnesses.

The caveators appealed from the judgment of the Court.

No Counsel for plaintiff.
*Battle & Sons* for defendant.

BOYDEN, J. There were only two questions made in the argument of this case.

1. That the will attempted to·be set up by the propounder was different in form, from that found by the jury.

2. That the petition of the propounder alleged, that the will had three subscribing witnesses; and that this being alleged in the petition, all the three witnesses, should have been called, or their absence accounted for.

The Court is of opinion, that the will as found by the jury is in substance the same as alleged in the petition.

True, it has the form of a deed; but it was proved that the will was made the when the testator was *inops consilli* and that the draftsman was requested to write a *will*, and in the instrument the operative words are, "I do give at my death."

The jury have found this. to be a will. In the case of *Habergham vs. Vincent 2nd, Vesey Jr.*, 204. Justice Butler

at page 330 of the case, says, " that the cases had established, that an instrument in any form, whether as a deed-poll or indenture, if the obvious purpose is, not to take place till after the death of the person making it, shall operate as *a will.* The authorities for that are both at law and in equity. In one of the cases there were express words of immediate grant, and a consideration to support it as a grant, but as upon the whole, the intention that it should have a future operation after his death, it was considered as a *will.*"

In the case of *Jack* v. *Henderson,* 1 *Deans,* 554, it is said, " that a will may be made in any form provided the formalities required by law be complied with. It may be in the form of a deed of gift, provided, it is the intent of the testator that it should operate after his death. *Thwold vs. Thowld* 1, *Phill* 1, and cases cited." The case of the executors of *Henry vs. Ballard and Slade,* 2 *Carolina Repository* 295, decides that the paper propounded as a will, though in the form of a deed, as in this case, yet as the instrument of writing was made with a view to the disposition of the estate, after the death of the maker, and although the testator was advised to make a deed, yet the whole structure and operation showed it to be a testamentary paper. The other point as to a third subscribing witness, who was not called at the trial, nor his absence accounted for, it is sufficient to remark that the verdict of the jury has precluded that question ; as they have found that there were in fact only two subscribing witnesses, but if it were not so, the caveator could not avail himself of this objection, in the manner attempted in this case.

There is no error. This will be certified that such other proceedings may be had as the law requires.