Testatrix devised all her estate to her son, with the provision that out of his inheritance he "is desired by his mother" to pay, as soon as possible, $500 to her grandniece, because of the kindness bestowed upon testatrix by the grandfather of said grandniece. *Held,*. that the grandniece was entitled to the gift to her under the precatory words.

In the matter of the settlement of the accounts of Edward Copeland, executor of Anna E. Copeland. Objections to account sustained.

Howard McWilliams, for executor.

James W. & Charles J. McDermott, for contestant.

CHURCH, S. The will of the testatrix contained the following clause:

"First. After all my lawful debts are paid and discharged, I give and bequeath to my ever beloved son, Edward Copeland, all of my estate, both real and personal, of whatever kind or nature of which I may die seised and possessed, but out of this inheritance he is desired by his mother to pay, as soon after as possible that it comes into his ownership, five hundred dollars ($500) to her grandniece, the daughter of William P. Clark, of Newburgh, Orange county, state of New York, now known as Ellie Clark; recognizing in this form the kindness bestowed upon your mother in her youth by her brother, the grandfather of said Ellie Clark, known as Philip Clark, in years that are gone, same state, town, and county, as his son William P. Clark."

The person named Ellie Clark, referred to in the above paragraph of this will, objects to the statement, contained in the account, that this clause was practically null and void, and that the only legatee mentioned in the will was Edward Copeland; the said Ellie Clark contending that the above language should be construed as precatory words of devise. While the words "give, devise, and bequeath" are the usual words used in wills, yet they are not essential to the validity of a gift, and if it appears that it was the intention of the testator to have the property go to the person named as legatee, even if the words "wish or desire" are used, then the intention of the testator will be followed out.

An important case on this subject is that of Clay v. Wood, 153 N. Y. 134, 47 N. E. 274. In that case it was held that the wishes, as expressed by the testator, did not control; but it will be noticed in that case the wish referred to disposition which it was expected the legatee named in the will should make of the property upon the death of the legatee, and that, consequently, the legatee named in the will was merely the recipient of a trust estate.

In Phillips v. Phillips, 112 N. Y. 197, 19 N. E. 411, 8 Am. St. Rep. 737, it was stated that, if the intention to construe or direct a certain disposition of the real estate is deducible, then the word "wish" will

be construed as imperative, and will imply a direction, by which the executor of a will and the courts are to be bound. I think that the plain intention in this case, although there was only the word "desired" used, shows an intention to make this a gift. The testator had given everything that she had, after the payment of her debts, to her son, and stated, however, that she desired that as soon as possible that five hundred dollars should be paid to the person named Ellie Clark, and stated that she did this for the purpose of "recognizing in this form the kindness bestowed upon your mother in her youth." There is no doubt, therefore, but that the testator firmly believed when she made this will that she was making an effectual provision, by which the person toward whom she was kindly disposed would receive the contemplated gift; and this case is also free from any of the questions as to whether any trust is created, which arises in the cases quoted by the executor in his brief. It therefore seems to me that the objection of Ellie S. Clark to the statements contained in the account of the executor is well taken, and that the decree should provide for the payment to said Ellie S. Clark of the legacy given her by the deceased.

Decreed accordingly.