## KERR v. GIRDWOOD.

(Filed May 23, 1905.)

1.  A clause in a holograph will reciting that the testatrix wished to record the wishes of her husband as expressed in his last illness, that at her death he wished the two laundries sold and the proceeds divided between his sister and brothers, is a testamentary disposition of said property.

2.  No particular form of expression is necessary to constitute a legal disposition of property; although apt words are not used and the language is inartificial, the courts will give effect to it where the intent is apparent.

ACTION by J. P. Kerr and another, executors of the will of Laura A. Girdwood, against George Girdwood and others, for a construction of the will, heard by *Judge Fred Moore,* at the March Term, 1905, of the Superior Court of BUNCOMBE County. From the judgment rendered, certain of the defendants, to-wit, Mrs. Salena M. Roberts and E. S. Clayton and wife, Bethel Clayton, appealed.

*F. A. Sondley* and *Merrick & Barnard* for the plaintiffs.
*Merrimon & Merrimon* for the defendants.

BROWN, J. Mrs. Laura A .Girdwood died during 1904, leaving a last will and testament executed by her as a holograph will and dated December 26, 1903. The correctness of the judgment appealed from depends upon the efficacy of a certain clause in said will, as a testamentary disposition of the property named in it, which clause is as follows:

"I wish to record the wishes of my darling husband as expressed to me in his last illness. He felt that he had left me well provided for, and was so thankful to think so, and wanted me to have exclusive use of all property, and everything so long as I live. At my death he wished the two

laundry properties to be sold, or disposed of to the best ad-
vantage, and the proceeds of the sale to be equally divided
between his sister (if living) and his brothers, who are liv-
ing. He wished me to do just as I pleased with my home
place, ·and personal property, and I hereby express my
wishes."

The testatrix then proceeded to dispose of her said home
place and to give sundry legacies, but left undisposed of a
lot in the city of Asheville on Bailey street, which descended
to her sister, Bethel Clayton, as her heir, and a lot on Pen-
land street and also left undisposed of personal property and
money. The testatrix, besides other dispositions, made pro-
vision for her mother, Mrs. Salena Roberts, and her sister,
Mrs. Bethel Clayton.

The only question presented on this appeal relates to the
legal effect of the language above quoted employed by the
testatrix in what is undeniably a testamentary document.

Are ·these words *testamentary* in character, or merely a
recital of an occurrence which had taken place between her
and her husband? After carefully considering the entire
will, in the light of the authorities we have concluded that
it was the intention of the testatrix in employing these words
that they should have a testamentary effect, and that the lan-
guage employed by her is of such legal efficacy that the law
can give force to it and execute her intention.

It cannot be doubted that the testatrix thought she was
making her will. The paper is testamentary in form and has
been duly admitted to probate. The consciousness of her
act and its solemnity and importance are disclosed in the
closing words used by the textatrix, to-wit, "Written when
I am as well as I ever am, and my mind as clear." In this
document she disposes of a great deal of her property and
makes devises and bequests of real and personal property to
these appellants and many others besides. Why should she
have incorporated these words expressing her husband's

wishes in her own will, unless she intended to give effect to them. They related to a most important and valuable part of the estate her husband had given to her at his death. To have recited his wishes, that these particular properties should go to her husband's own near relatives, and then to deliberately withhold the necessary purpose and intent to effectuate his wishes, is not at all consistent with the evident love and affection the testatrix felt for her husband's memory. The closing words of the will indicate that the testatrix was conscious that she was executing an instrument which might be contested, and that the language employed in it would be closely scrutinized.

The words she used point out unmistakably the particular property she intended to devise, and also indicate unerringly the persons to whom such property shall go. In reciting her husband's wishes, she evidently intended then to carry them out and to indicate that they were in accord with her own. She made no subsequent disposition of these properties to other persons and did not again refer to them in her will. It is almost inconceivable that she intended to die intestate as to them.

It is not only a cardinal principle in the construction of wills to give full effect to the intent of the testator, but also to so construe the instrument as to give force and effect to every part of it, if possible. No part of such an instrument will be discarded unless in conflict with some other part, and then that part will be enforced which expresses the intention of the testator. This is done, *ut res magis valeat quam pereat;* for the law to do otherwise would be to defeat the very thing which it undertook to enforce.

There is nothing in the entire will inconsistent with the purpose to give the laundry properties in accordance with her husband's wishes. To refuse to give them effect would be at variance with her plain intent. No particular form of expression is necessary to constitute a legal disposition of

property. Underhill on Wills, sec. 37-43; Schouler, sec. 262, 263; *Alston v. Davis,* 118 N. C., 202. Although apt legal words are not used and the language is inartificial the courts will give effect to it where the intent is as apparent as that of the testatrix in this will. Form will be discarded, and has been, so that an instrument in form a deed has been held to be a will. *Henry v. Ballard,* 4 N. C., 397; *In re Belcher,* 66 N. C., 51, 54. We think the court below properly interpreted the will, and the judgment is

Affirmed.