IN RE WILL OF PARIS EDWARDS.

(Filed 1 November, 1916.)

**1. Wills—Interpretation—Contracts.**

Where a paper-writing begins with the usual formality and declares itself to be the will of the testator, before making disposition of his property, and thereafter the testator revokes therein all former wills which he had made, and it is duly subscribed and witnessed in accordance with the requirements for a will, it does not lose its character as such, or assume that of a contract, because of an unsigned provision that the beneficiary agrees to support the testator "as long as he lives"; and this clause may be disregarded as surplusage, when the instrument has been retained by the testator.

**2. Same—Validity Upheld.**

Where a paper-writing will operate as a will and not as a contract, it will be upheld as the former.

**3. Wills—Devises—Statutes—Forms.**

The power to devise is purely statutory, requiring no special form to give the intention of the testator effect as his will.

APPEAL by propounder from *Webb, J.,* at May Term, 1916, of FORSYTH.

*Devisavit vel non* begun before the clerk and transferred to the Superior Court for trial on the issue raised by caveat.

The court instructed the jury, "After a careful examination of the paper the court is of the opinion that it is not a will," and the jury so found. The propounder excepted and appealed.

*Fred M. Parrish, Phillip Williams,* and *Hastings & Wicker* for caveator.

*Sapp & McKaughan* and *Holton & Holton* for propounder.

CLARK, C. J. The following paper-writing was offered for probate as the will of Paris Edwards:·

18 November, 1912.

I, Paris H. Edwards, of the State of North Carolina, Guilford County, being of sound mind and memory, do make, publish, and declare this to be my last will and testament, to wit:

1. I, Paris H. Edwards, of the first part, do agree to give Will Kirkman all I possess, to have and to hold and diminish as he may see fit.

2. I, Willie Kirkman, of the second part, do agree to take Paris Edwards and care for him as long as he lives.

I, Paris Edwards, of the first part, do declare this to be my last will and testament, hereby revoking all former wills by me made and written.

Wherefore, I have hereunto set my hand and seal, this 18 November, 1912.

His

PARIS $\times$ EDWARDS.

mark

Witness:

E. S. JONES.

J. F. HASSELL.

The court instructed the jury that this was not a will. The verdict and judgment were rendered accordingly. The caveator moved to dismiss the appeal for failure to assign error; but exception was taken at the time, and the appeal being from the judgment, is of itself a sufficient assignment of error. *Ullery v. Guthrie,* 148 N. C., 417; *Queen v. R. R.,* 161 N. C., 217.

A will has been defined as "a disposition of property to take effect on or after the death of the owner." 40 Cyc., 995. In *Payne v. Sale,* 22 N. C., 457, it is defined as "the just sentence of our will touching what we would have done after our death."

The testator certainly understood that he was making a will, for in the first paragraph of this paper-writing he recites: "being of sound mind and memory, I do make, publish, and declare this to be my last will and testament, to wit":

And in the last paragraph he again recites: "I do declare this to be my last will and testament, hereby revoking all former wills by me made and written." The same is duly witnessed by the signature of two witnesses thereto, as required by law for a will. In the body of the writing, between the paragraphs above quoted, he provides: "1. I, Paris H. Edwards, of the first part, do agree to give Will Kirkman all I possess, to have and to hold and diminish as he may see fit.

"2. I, Willie Kirkman, of the second part, do agree to take Paris H. Edwards and care for him as long as he lives."

The above constitutes the whole of the instrument except the attesting clause.

The intention to dispose of all his property in favor of Willie Kirkman, and that this is to be Paris Edwards' last will and testament, is thus most explicitly stated. The paragraph containing the statement that Willie Kirkman is to care for him "as long as he (Edwards) lives" is an indication that Kirkman is to have his property after the testator's death, and his getting it then is conditioned upon Kirkman carrying out that understanding. While it is inartificially drawn, the evident intent is to express this motive for executing the will. This agreement is not signed by Kirkman and there is no contract by Kirkman.

*In re* EDWARDS' WILL.

This is the not unusual case of a testator giving a reason for willing his entire property to a stranger. If Kirkman had not rendered these services, a question might have been raised as to the validity of the will; but we need not pass upon that. By the testator's own declaration, twice made in this paper-writing, this was "his last will and testament." The recital that Willie Kirkman had agreed, in consideration of his making the will in his favor, to take care of the testator for the remainder of his life, is mere surplusage.

We have a very recent case, exactly in point, *In re Cole's Will,* 171 N. C., 74, where a holograph will of the husband, signed by him and his wife, purporting to be their joint will, disposing of all of the property of both, was held to be valid as the holograph will of the husband, and the joinder therein by the wife and her signature thereto was held mere surplusage.

"No particular form of expression is necessary to constitute a legal disposition of property by will. Although apt words are not used, and the language is inartificial, the Court will give effect to it where the intent is apparent," says *Brown, J.,* in *Kerr v. Girdwood,* 138 N. C., 473, citing *Henry v. Ballard,* 4 N. C., 397, and *In re Belcher,* 66 N. C., 54, to the above purport, that: "Form will be discarded, and has been, so that an instrument in form a deed has been held to be a will." The subject is fully discussed with ample citation in *Morrison v. Bartlett* (Ky.), 41 L. R. A., 39. In the notes to this case are many interesting cases in which instruments in the form of a contract, acknowledgment of indebtedness, assignments, indorsements, bank deposits, commercial paper, leases, powers of attorney, orders on executors, and other informal papers are held to be sufficient as wills when the intent sufficiently appears that there is to be a disposition of the testator's property after death. This was not a contract, for it was not signed by the other party, nor was it a deed, for it was not delivered.

*Kerr v. Girdwood,* 138 N. C., 473, is reported with notes 107 Am. St., 551, which cite *Ferris v. Nelville,* 89 Am. St., 486, where the subject is fully discussed in a very illuminating monograph.

In 40 Cyc., 1091, it is said: "It is not necessary that any particular form of words be used to make a will. Any writing to take effect at death may constitute a will." The power to devise is purely statutory (*In re Will of Garland,* 160 N. C., 555), and our statute does not require any particular form, and, indeed, this will is sufficiently formal. The paragraph therein in regard to the promise of the devisee to take care of the testator during his lifetime is unsigned and at most mere surplusage.

This paper-writing was neither signed by the other party nor was it delivered to him. It could not, therefore, be a contract; and if it is not a will, it is nothing. A case exactly in.point is *Heaston v. Krieg* (Ind.), 119 Am. St., 475, where as to an instrument which was entitled "contract" and recited that it was an "agreement" between the deceased and another party in consideration of support during the former's lifetime, the Court held: "No matter by what name the parties to an agreement may call·it, or to what extent there may be contractual provisions in it, yet if a provision of a clearly testamentary character is found in the writing, and it is witnessed in accordance with the requirements of law, it may operate as a will." It was also held that "A writing susceptible of being construed as a will and also as a deed will be construed as a will if it is a nullity as a deed." As already said, the present instrument is a nullity unless it is a will, as the testator emphatically characterized it. In that case the Court said: "It affords no objection whatever to the testamentary character of an instrument that it contains provision of a contractual nature," citing numerous cases.

In *Smith v. Eason,* 49 N. C., 34, it is said: "In ascertaining whether an instrument was intended by the maker to operate as a bond or as a will, words which may not change the legal effect of the instrument, if its character has been established, may be quite material in determining its character," as in this case, the statement of the maker, emphatically reiterated, that it was "his last will and testament."

Error.