IN THE MATTER OF THE WILL OF K. W. PERRY, DECEASED.

(Filed 23 March, 1927.)

**Wills—Holograph Wills—Animo Testandi—Statutes.**

For a memorandum written and signed by the testator to take effect as his will, it must, among other requisites, show that it was made *animo testandi,* and where the other formalities have been observed, a "pack" or slips of paper pinned to a note in his favor, with the endorsement written thereon, and signed by him, a long time prior to his death, "I want S. W. have this pack," will not operate either as a valid holograph will or codicil. C. S., 4131.

APPEAL by caveators from *Bond, J.,* at August Term, 1926, of FRANKLIN.

Issue of *devisavit vel non,* raised by a caveat to a paper-writing propounded as the last will and testament of K. W. Perry, deceased.

From a verdict and judgment in favor of propounders, the caveators appeal, assigning errors.

*G. M. Beam and W. M. Person for caveators.*
*W. H. Yarborough for propounder.*

Stacy, C. J. K. W. Perry, a resident of Franklin County, died in January, 1922. Soon thereafter an administrator was appointed who duly qualified and entered upon the administration of his estate. In November, 1925, Mrs. Siddie Williams, a daughter of the deceased, presented to the clerk of the Superior Court for probate, as the last will and testament of her father, a note for $1,500, executed under seal by her husband, J. R. Williams, and W. H. Allen to K. W. Perry, 18 March, 1915, due and payable one year after date, which said note had pinned to it a small slip of paper, with the following notation, in the handwriting of the deceased, written in pencil thereon:

"I want Siddie Williams have this pack. K. W. Perry."

It is the contention of the propounders that this memorandum constitutes a valid testamentary disposition of the accompanying note, as above described. For this position, they rely upon the cases of *Alexander v. Johnston,* 171 N. C., 468, *In re Harrison,* 183 N. C., 457, *In re Edwards' Will,* 172 N. C., 369, and *Smith v. Eason,* 49 N. C., 34.

Conceding for the moment that the paper-writing is in the handwriting of the deceased, with his name subscribed thereto, and that it was found after his death among his valuable papers and effects (C. S., 4131), still there is not sufficient evidence on the record to show that it was intended as a *testamentary* disposition of the "pack" or note to which it is attached. "The distinguishing feature of all genuine testamentary instruments, whatever their form, is that the paper-writing must appear to be written *animo testandi.* It is essential that it should appear from the character of the instrument, and the circumstances under which it is made, that the testator intended it should operate as his will, or as a codicil to it."—*Brown, J.,* in *Spencer v. Spencer,* 163 N. C., 83. Or as said by *Furches, J.,* in *Alston v. Davis,* 118 N. C., 214, "a man cannot make a will 'onbenowins' to himself."

It will be observed that the language used is simply, "I want Siddie Williams have this pack," and there is nothing to indicate when he wanted her to have it. He does not say he wants her to have it at his death or in case of his death. A will is a disposition of property to take effect on or after the death of the owner. *In re Edwards' Will, supra; Payne v. Sale,* 22 N. C., 457.

It is provided by C. S., 4131, that no holograph will shall be good or sufficient, in law, to convey or give any estate, real or personal, unless such will be found among the valuable papers and effects of the deceased person, or shall have been lodged in the hands of some person for safe-keeping, and the same shall be in the handwriting of such deceased person, with his name subscribed thereto or inserted in some part thereof. *St. John's Lodge v. Callender*, 26 N. C., 335; *Simms v. Simms*, 27 N. C., 684.

The memorandum in question must have been written several years before the deceased's death, for he was paralyzed in 1920, and was not able to write thereafter. His notes and papers, including the ones here offered for probate, were taken from his trunk in June, 1921, by his children, and placed in a safety deposit box where they were kept until a guardian was appointed some time thereafter. The deceased lost his mind in February, 1921, and it is not contended that he lodged the script in the hands of any person for safe-keeping as a will. *In re Jenkins*, 157 N. C., 429.

We think the caveators were entitled to the peremptory instruction as asked, that the paper-writing propounded is not the last will and testament of the deceased.

New trial.