IN RE WILL OF E. C. THOMPSON.

(Filed 21 November, 1928.)

**Wills—Requisites and Validity—Codicils.**

A note payable to the deceased, found with his holographic will in a box with his other valuable papers after his death, and endorsed thereon in the handwriting of the deceased and over his signature to his wife to take effect after his death, when proved as the statute requires, is to be construed as a codicil to his will, and it is not necessary to such construction that it be physically attached to the holographic will. C. S., 4144.

APPEAL by the executors from *Small, J.*, at Chambers, 22 June, 1928. From ORANGE.

The following judgment was rendered in the court below:

"This cause coming on regularly to be heard before his Honor, the undersigned, on appeal from the clerk of the Superior Court of Orange County on the question of probating a paper-writing purporting to be a codicil to the will of E. C. Thompson, and the propounder of said instrument having offered for probate a note of R. T. Howerton and wife in the possession of the executors of E. C. Thompson, deceased, for five hundred dollars ($500), dated 9 January, 1924, duly assigned to E. C. Thompson.

"That E. C. Thompson, late of Orange County, died on 22 March, 1925, leaving a last will and testament with two codicils thereto dated 30 April, 1921, 4 March, 1922, and 15 August, 1923, respectively, all having been written entirely in the handwriting of the testator, and the will and codicils thereto being each duly acknowledged before two subscribing witnesses, which will and codicils were duly probated on 28 March, 1925, and is recorded in the office of the clerk of the Superior Court of Orange County in Book of Wills J., page 330; that there was no residue clause to the will or codicils.

"That there was found among the valuable papers of the late E. C. Thompson, in his lock chest box, not only the will above referred to, but also many deeds, mortgages, notes, etc., among which was one note of R. T. Howerton and wife in the amount of five hundred dollars ($500) dated 9 January, 1924, which note was not in any way attached to the will above referred to, but was in the same lock box or chest; that said note had been duly assigned to the late E. C. Thompson,. and on the back thereof bore the following notation: 'I asigen thee with note over to my wife Mrs. C. E. Thompson at my deth this the 11 day of November 1924. E. C. Thompson.'

"And it appearing from the evidence of George F. Crutchfield, W. E. Thompson and Margaret Crutchfield that the said notation on the back of said note was made entirely in the handwriting of E. C. Thompson, each of the witnesses testifying that he or she was acquainted with the handwriting of said E. C. Thompson, having often seen him write, and each having testified that the name of E. C. Thompson subscribed to the end of said notation on the back of said note, and every part of said notation, was the signature and handwriting of E. C. Thompson, and further that said note was found after the death of E. C. Thompson, filed away with the valuable papers and effects of E. C. Thompson in a locked chest which contained deeds, notes and other valuable papers of E. C. Thompson.

"The court further finds that the propounder of the instrument now in question did on 30 May, 1927, offer said instrument for probate as a codicil to the last will and testament of the late E. C. Thompson, but that the clerk of the Superior Court of Orange County did refuse to admit same to probate by judgment bearing date of 30 May, 1927, and the propounder duly appealed to the Superior Court.

"Now therefore, it is hereby found as a fact by the court that the notation 'I asigen thee with note over to my wife Mrs. C. E. Thompson, at my deth, this 11 day of November, 1924, E. C. Thompson,' is entirely in the handwriting of the deceased E. C. Thompson; that the name of E. C. Thompson subscribed at the end of said writing is the signature of E. C. Thompson; and it is further found as a fact that the paper was found after the death of E. C. Thompson among his valuable papers, it having been found in his locked box which contained deeds, notes and other valuable papers. The court further finds that it was the intention of said E. C. Thompson that the notation on the back of said note should operate as a codicil to his will and that his wife, Mrs. C. E. Thompson, should own said instrument. And the objectors to the probate of said instrument, being all the necessary parties, having waived all formalities as to notice to necessary parties, and no objection having been raised

to the probate of said instrument on the grounds of undue influence or mental incapacity of the said E. C. Thompson, and it further appearing that no final account has been filed or settlement made in this estate;

"Now, therefore, it is hereby found that said instrument now in question is in fact a codicil to the will of the late E. C. Thompson and should be admitted to probate as such codicil in the office of the clerk of the Superior Court of Orange County, and said clerk therefore is hereby ordered and directed to admit said instrument to probate as a codicil to the will of the late E. C. Thompson.

"It is further ordered that the executors pay the court costs of this proceeding."

The executors of the estate of E. C. Thompson excepted to the judgment, assigned error and appealed to the Supreme Court.

*Gattis & Gattis and A. H. Graham for executors (caveators).*
*Victor S. Bryant for propounders.*

CLARKSON, J. The sole question presented: Is the paper-writing offered for probate a codicil to the last will and testament of E. C. Thompson, deceased? We think so.

C. S., 4144 sets forth the statutory manner and method of making valid wills: (1) attested, (2) holographic, (3) nuncupative.

From the judgment, it will be noted that the requirements of the statute have been complied with and the instrument has been probated as a holographic will.

The language of the instrument in question is: *"I asigen thee with note over to my wife Mrs. C. E. Thompson at my deth this the 11 day of November, 1924."* It will be seen that the instrument was in the handwriting of E. C. Thompson, inartificially drawn, but the language is explicit. When it appears on the face of the instrument that the *"animo testandi"* is ambiguous or obscure, the question is ordinarily submitted to the jury for determination. *In re Harrison,* 183 N. C., 459; *In re Southerland,* 188 N. C., 325; *In re Westfeldt,* 188 N. C., 702.

The principle, to constitute a valid testamentary disposition, is laid down in 28 R. C. L., p. 60-1 (Wills), as follows: "One distinguishing feature of a will is that it is not to take effect except upon the death of the testator, and has no binding effect during the life of the testator. Until the death of the maker it is ambulatory and revocable. It is of the essence of a will that it should be revocable. An irrevocable will would be an anomaly. A will does not confer any present right at the time of its execution, and nothing vests by reason of such an instrument during the life of the devisor. A will may be compared to an unde-

18—196

livered deed or power of attorney, which contains an expression of a purpose which has not yet gone into effect, but on the death of the maker it ceases to be ambulatory, acquires a fixed status, and operates as a transfer of title."

The language of the instrument in the present case, we think, sufficient and comes up to the requirements, and the instrument on its face constitutes a testamentary disposition of the note.

A letter written by the deceased a few days prior to his death, giving a list of his property and effects and of his indebtedness, and made in favor of his wife, requesting the addressee to so invest his property that she will "get it as she needs it," so that she will have a plenty as long as she lives, etc., is valid as a holograph will appointing the addressee as executor, etc., when meeting the requirements of the law, it being in testator's handwriting, his signature appearing therein, and found in the writer's safe among his valuable papers, etc., there being no particular form of a will necessary, and the writing in question evincing an *animo testandi*. *In re Will of Ledford,* 176 N. C., 610, citing and distinguishing *Spencer v. Spencer,* 163 N. C., 88, as follows: "The case of *Spencer v. Spencer,* 163 N. C., 88, is no authority for the position that a paper in form of a letter cannot be a will; it simply holds that the paper then offered for probate had none of the earmarks of a will."

In Anno. to *Re Kelleher,* 54 A. L. R., at p. 921, the following comment is made: "In *Alston v. Davis* (1896), 118 N. C., 202, 24 S. E., 15, although the principal object of the letter appeared to be to give directions for the renting of the testator's land, the statement therein, 'If I should die, or get killed in Texas, the place must belong to you; and I would not want you to sell it,' was held testamentary in character, *Furches, J.,* dissenting. However, in *Spencer v. Spencer* (1913), 163 N. C., 83, 79 S. E., 291, the Court said: 'The case of *Alston v. Davis, supra,* is relied upon by plaintiffs; we admit that it sustains plaintiff's position, but we are unwilling to follow it as a precedent. It is weakened as such by a brief but expressive and forceful dissent, and by the further fact that another member of the court took no part in the decision."

The present case is not controlled by either one of these decisions.

A notation on the back of an envelope, "Julia W. Johnston Will," referring to an instrument in the envelope, was held to be a valid holographic will. *Alexander v. Johnston,* 171 N. C., 468. See case cited in that opinion.

In *Hunt v. Hunt,* 4 N. H., 434, 17 Am. Dec., 438, the decedent indorsed on the back of a note these words: "If I am not living at the time this note is paid, I order the contents to be paid to A. H." He died before the note was paid. This was held to be a testamentary dis-

position. In *Fickle v. Snepp,* 97 Ind., 289, 49 Am. Rep., 449, the instrument was in form a promissory note. In all these cases the papers were probated as a will. Indeed, the general rule is that an instrument is a will, if properly executed, whatever its form may be, if the intention of the maker to dispose of his estate after his death is sufficiently manifested. *Babb v. Harrison,* 9 Rich. Eq., 111, 70 Am. Dec., 203. *Morrison v. Bartlett,* 41 L. R. A., p. 43 (N. S.).

*In re Perry,* 193 N. C., p. 397. There was presented for probate a note for $1,500, executed under seal by J. R. Williams and W. H. Allen to K. W. Perry, 18 March, 1915, due and payable one year after date, the note had pinned to it a small slip of paper, with the following notation, in the handwriting of the deceased, written in pencil: "I want Siddie Williams have this pack. K. W. Perry." This was held not a will, as not coming within the requirements. This Court in that case said: "It will be observed that the language used is simply 'I want Siddie Williams have this pack,' and there is nothing to indicate when he wanted her to have it. He does not say he wants her to have it at his death or in case of his death. A will is a disposition of property to take effect on or after the death of the owner. *In re Edwards' Will, supra* (172 N. C., 369); *Payne v. Sale,* 22 N. C., 457."

Mere intention is not sufficient. *In re Johnson,* 181 N. C., 303.

Codicils need not be physically attached to the original will or to each other. *In re Westfeldt,* 188 N. C., p. 702.

For the reasons stated, we see no reason why the instrument is not a valid codicil. The judgment below is

Affirmed.