WILL OF PLATT: OILER, Appellant, vs. BANK OF BARABOO, Executor, and others, Respondents.

*May 14—June 12, 1931.*

294

For the appellant there was a brief by *Hill & Miller* of Baraboo, and oral argument by *James H. Hill*.

For the respondent Adolph Platt, guardian of Bernard Platt, there was a brief by *Grady, Farnsworth & Walker* of Portage and *Frank B. Moss* of Baraboo, guardian *ad litem,* and oral argument by *Daniel H. Grady.*

*E. F. Dithmar* of Baraboo, for the respondent Bank of Baraboo.

FOWLER, J. The petitioner and the guardian differ as to the effect to be given to the words "it is my desire" contained in item (d) of the will. The petitioner seems to contend that by these words the item confers on her the absolute right, which the guardian is bound to recognize to the full, to continue as housekeeper and as such to do precisely as she did during the testator's life. The guardian seems to contend that these words express a mere wish of the testator, impose no obligation upon him, and do not at all limit his powers as guardian; that the words are to be construed as like expressions have often been construed in cases wherein it has been attempted to impress an absolute estate created in express words with a "precatory trust."

The decisions of the courts in cases in which it was contended that precatory trusts were created by will are not much in point. It has often been contended that a precatory trust results where property is given by will to one person which by precatory words is to be held for or applied to the benefit of another person in whole or in part. The reason a trust is held not to result, when it is so held, is that the expressed wish for the benefit of one person is inconsistent with—impossible to be carried out under—the express words vesting absolute ownership in the other person. The only trust here created by the will is not precatory. It is created by words of direct devise to the bank for the benefit of the boy. The precatory words here used do not relate to the trustee but by implication apply to the boy's guardian. If effectual, they impose upon him the duty of continuing

Mrs. Oiler to maintain the home for the boy's benefit. Precatory words in a will are to be given effect as conferring rights whenever they express an intent as distinguished from a mere desire; so far as they denote an intent of the testator they are mandatory; they are imperative if it appears that they were intended to create an obligation. Gifts may be created by will as well by expressions of wish or desire or request as by direction to executors or devisees to pay to specified persons certain sums. In such cases the intent is clear and the expression of the wish creates a legacy to the person to whom the testator wishes the money to be paid. "Where the intention of the testator is clear, and where in order to carry out such intention it is necessary to follow precatory words, then such words are not advisory, but mandatory." *Will of Olson,* 165 Wis. 409, 411, 162 N. W. 429. Precatory words are given mandatory effect in *Wemme v. First Church of Christ,* 110 Oreg. 179, 219 Pac. 618, 619, 223 Pac. 250; *Critchell v. Brown,* 72 Ind. 539; *Meehan v. Brennan,* 16 App. Div. 395, 45 N. Y. Supp. 57; *In re Copeland,* 38 Misc. 402, 77 N. Y. Supp. 931; *Phillips v. Phillips,* 112 N. Y. 197, 19 N. E. 411; *Taylor v. Martin* (Pa.) 8 Atl. 920; *Kerr v. Girdwood,* 138 N. C. 473, 50 S. E. 852; *Brasher v. Marsh,* 15 Ohio St. 103; *Pitman v. Ashley,* 90 N. C. 613.

Here it is manifest from the whole will and the circumstances that the words "it is my desire" indicate an intent as distinguished from a mere wish. The words are therefore mandatory. The word "desire" as used is as potent as the word "direct" would be. The court has the same power and duty to effectuate the testator's intent under the words used as it would have if the item used the words "I direct the guardian of Bernard to continue my present housekeeper as such for him," etc. The words impose an obligation upon the guardian to carry out the testator's intention. And his obligation is not to be niggardly in supplying the house-

hold needs, but to continue the status of the petitioner substantially as the testator manifestly intended it should continue. But the testator's concern was wholly for the boy's welfare. The "desire" expressed was wholly for the benefit of the boy, not at all for the benefit of the petitioner. For the boy's benefit, and solely for his benefit, the testator intended that the petitioner should be continued as housekeeper to maintain a home for him. But the provision conferred no right upon the petitioner to continue as such. For the boy's benefit but not for the petitioner's the guardian should carry out the intention of the testator and the court should require him to carry out such intent.

The county court, as we view its order, gave effect to the provision for continuing the status of the petitioner as mandatory. By its order the court in effect determined that the guardian must continue the status of Mrs. Oiler as long as it is possible in reason to do so. This is equivalent to holding that her status shall not be changed except for reasonable cause and with approval of the court, although the provision confers no property right upon her or, as the court expresses it, "does not convey any positive right" upon her to continue as housekeeper. The rights of Mrs. Oiler under the provision merely are to be reasonably compensated for her services, and the court's order fully protects her in this respect. As the order provides, if she and the guardian cannot agree as to her immediate compensation or her expenditures for up-keep of the home the court will fix the amounts, and if she will not accept what the court allows she may decline to serve, and it will then be the duty of the guardian to "make other suitable provision for a home for him, (the boy) to be maintained as herein (in the will) provided."

The clause contained in the order "That the amount which Mrs. Oiler shall receive outside of what is specified by agreement shall be in the discretion of the guardian," is not cor-

rect if it refers to the provision that "in the event that she performs good and faithful service in the judgment of my said guardian, then I hereby authorize and direct my guardian and trustee to pay to her such additional sum out of my estate as in *their* judgment will reasonably compensate her for services so performed by her." This provision implies that while it is given to the guardian to determine whether Mrs. Oiler performs "good and faithful service," it is given to the guardian and trustee together to determine the amount of her additional compensation, if any. To avoid possible uncertainty in this respect the order should be modified by striking out the provision next above quoted and substituting therefor provision as indicated.

There should be no further difficulty between the guardian and the petitioner. Both should act reasonably and with the sole object of carrying out the testator's intention that the boy should have a suitable home. Both should consider the condition of the estate and the income therefrom as a factor in determining what is a suitable home under the circumstances. The boy's welfare should be the main concern.

*By the Court.*—The mandate will direct the county court to strike from its order the language next above quoted and substitute therefor provision as indicated in the opinion, and as so modified the order is affirmed; the disbursements of all parties to be paid out of the estate.