Hall, Judge,
 

 delivered the opinion of the Court:
 

 If it appear doubtful, from the face of an instrument, whether the person executing it intended it to operate as
 
 *134
 
 a
 
 deed
 
 or a
 
 xoill,
 
 it is proper to. ascertain the intention of such person, not only from tiic contents of such instrument, but also from evidence shewing how such person really considered
 
 it
 
 — (Powell
 
 on Devises
 
 12, and the cases there cited.) In the first part of tiie instrument before us, Lucretia Robertson gives to her son Needham several articles, which, however, she directs he shall not be possessed of until after her death. In the second clause she gives other articles to her daughter Nancy, with a similar direction ; and in the third clause the same precaution is used. All this precaution would be useless in a will, which cannot take effect until after the death of the testator.. In the fourth clause, she gives all the rest of her estate that she may die possessed of, to three of her other children. There is nothing in this clause indicative of the way in which she intended the instrument to operate; for whether the property given by it be a gift or a legacy, its quantum is referable
 
 to her
 
 death, and cannot be ascertained before. It is to be observed, however, that in the first part of the instrument, she expresses that the gifts are made in consideration of love and affection for her children ; which expression would be unnecessary in a will. Si>c appoints no executors, nor does she use any words commonly used in last wills, except in the first clause, where she uses the word devise. Nothing more than this slight circumstance can be collected from the writing itself, evidencing a disposition ia hey to make a will. But when we reflect upon the testimony adduced to shew what she herself considered she was doing, there can be little doubt. She called upon one of the witnesses to write her a
 
 deed of gift,
 
 and directed him to have it recorded at the next Court j which she would not have done, had she believed she was making her will. • The person who wrote it, considered it to be a deed of gift. From the evidence furnished by the deed itself, as well as from that produced to shew the light in which she herself viewed the transaction, tlie
 
 *135
 
 •ifrstrument must be considered as a deed, and not as a testamentary paper.