Daniel, J.
 

 First:
 
 tbe Judge decided that the instrument of writing, under which the plaintiff claimed the three slaves, was not a testamentary paper. We concur in the opinion delivered by his Honor. When as to tbe extent of estates, or the particular limitation of estates in a deed or will, tbe intention of a testator, or
 
 the
 
 intention of the maker of a deed, is
 
 to he
 
 ascertained, the Court must decide the question only upon tbe face of the instrument itself. But when the question is, whether an instrument of writing is a testamentary paper or a deed, it becomes a fact to be proved by all kinds of evidence, by which, in law, any other fact may be established. The: evidence, which arises from the face of the instrument,
 
 *95
 
 may be aided or opposed by evidence
 
 aliunde.
 
 The Ian-guage of this' writing, except the'Word
 
 “
 
 bequeathed,” and all the incidental circumstances in making it, are those which really belong to a deed. . The three slaves to pass by the instrument to the plaintiff, on the death of the donors, is a circumstance, (since our statute,) applicable either to a deed for slaves, or to a last will. But the subscribing witness deposed, that the donors told him, that they wished him to write a
 
 deed of gift
 
 to the plaintiff, for the property mentioned in this instrument; he wrote it, and then read it over to them, and they signed and sealed it, and he witnessed it at their request. And then there was express evidence, from other witnesses, t)iat Sally and Patsy Liverman delivered the instrument as
 
 their deed.
 
 The whole of the evidence is, in our opinion, quite satisfactory that the donors intended to execute a deed, and not a will. And although this Court has heretofore decided, that the donors could not make a joint will, yet there is no dispute, but that they might make a joint deed of gift; and that the separate interest of each of the donors, in and to the said slaves, would pass by the deed to the donee, by force of the statute, on the death of the donors. That the instrument cannot in law operate as a will, is another strong reason, why it should be regarded as a deed and as having been intended by the parties to operate as a deed, passing vested interests and operating immediately.
 

 Secondly:
 
 the law, upon the question of a delivery of the deed, was correctly stated by the Judge to the jury. Without repeating his charge on this point, it seems to us to be right, according to the principles laid down by this Court, in the case of
 
 Moore
 
 v.
 
 Collins,
 
 4 Dev. Rep. 384. The damages assessed for the detention of the slaves, amount to
 
 $
 
 1,000, while those laid in the writ and declaration are only $200 ; and’the counsel for the plaintiff has moved for leave to amend by enlarging the sum laid. The cases are, that he may do so ; but he must pay
 
 *96
 
 for llie privilege, all the costs of the suit, in this, and the other Courts.
 
 Grist
 
 v.
 
 Hodges,
 
 3 Dev. 198. Upon the record,'as amended, the judgment will then be affirmed, except as to' the costs.
 

 Per Curia-m. Judgment affirmed at the costs of the plaintiff.'