A. G. SPENCER v. GEORGE A. AND MRS. K. E. SPENCER.

(Filed 17 September, 1913.)

1. **Wills—Probate—Notice to Executor—Codicil—Interpretation of Statutes.**

    Before others interested in the probate of a will may apply for its probate, ten days previous notice must be given the executor therein named (Revisal, sec. 3123), and where an executor has probated and qualified under the will. it is equally necessary to give the statutory notice before offering for probate a separate paper-writing as a codicil.

2. **Wills—Codicils—Intent—Interpretation of Statutes.**

    For a paper-writing to be effective as a codicil to a will, it must appear that it was the intention of the testator at the time of making it that it should take effect as a part of his will, and all the formalities and statutory requirements of making and executing a will must have been observed in the codicil. Revisal, sec. 3123.

3. **Same—Letters.**

    A letter which had been written by the testator immediately after making a formal will, and which, without being mentioned in the will, expresses the desire that its addressee should have his interest in certain personalty, does not show the *animus testandi*, so as to make it operate as a codicil. *Alston v. Davis*, 118 N. C., 203, overruled.

4. **Wills—Codicils—Insurance—Partnerships—Devises.**

    Partnership property is possessed *per my et per tout* by the partners, and no one of them may convey his separate interest in any particular part thereof. Hence, as in this case, a partner may not devise any interest he may have in a policy of life insurance made payable to the copartnership, and certainly not after he has conveyed to the partnership all the interest he had therein.

APPEAL by plaintiff from *Whedbee, J.*, at May Term, 1913, of BEAUFORT.

The action is brought to recover one-sixth of an insurance policy for $5,000, payable to a copartnership known as Spencer Brothers of Washington, North Carolina, composed of George A. and Jones Spencer. At one time the plaintiff owned a one-

sixth interest in said copartnership. Defendants answered, denying the ownership of plaintiff in said policy, or any part of it.

Plaintiff offered the following evidence:

Copy of the policy of insurance referred to in the pleadings.

Plaintiff offered section 4 of the answer of G. A. Spencer down to and including the word "time" in the sixth line.

Plaintiff offered a certified copy from the office of the clerk of the Superior Court of Craven County, under his hand and official seal, of the will of the late Jones M. Spencer and the alleged codicil thereto attached, as appears to have been probated.

Upon objection by each of the defendants to the introduction of the copy of the alleged codicil, plaintiff's counsel stated that they had no information that any written notice was ever given to the executor of Jones M. Spencer of the motion to probate the said letter as a codicil to the will of the said Jones M. Spencer, and that plaintiff had no evidence to offer that such notice was given. Defendants severally object and except to the admission of said paper.

Plaintiff introduced bill of sale from the plaintiff to J. M. Spencer and George A. Spencer, Book 156, page 66.

Conveyance from K. Eula Spencer to G. A. Spencer, dated 15 June, 1909.

A. G. Spencer was sworn, and testified: "I am the A. G. Spencer referred to in the paper-writing which we call a codicil, consisting of a letter from Jones M. Spencer. I was the brother of Jones Spencer, and came out of the firm of Spencer Brothers at the time of the execution of the deed or bill of sale which has been read. I have never been paid any part of the proceeds of the policy referred to in this case. George A. Spencer told me the policy had been paid." (Admitted only against G. A. Spencer.)

Cross-examination: "I do not recognize the firm ledger; can't see well enough to. The best I can see, I think it is in the handwriting of George Hepinstall. When I was a member of the

firm we carried in this ledger what we called a stock account. That account represented the proportionate interest of each member.

"At the time I sold out to J. M. and G. A. I do not exactly remember the relative interests in the firm, but they were about 10 for Jones, 7 for George, and 3 for me. I think Jones died in 1909, some time in March. He returned from his trip to Europe some time in the fall before that, several months, but not as much as six.

"George Spencer told me he had collected the policy. I do not know about the debts the firm owed at the time of the death of my brother. Never heard George Spencer say how much the debts were. He told me there was a very big trade; that they had a big sale and raised about enough to get them out of debt. That was just before Jones died.

"My interest in the partnership would be about one-sixth. I think Jones' was just about as much as George's and mine put together, and George and I were pretty near the same. There was a little difference between George's and my shares up until just a short time before I drew out."

Plaintiff introduced a bill of sale from the plaintiff to J. M. and G. A. Spencer, dated 6 January, 1904, and duly recorded, conveying to the said J. M. and G. A. Spencer, as copartners, all the right, title, interest, and estate of plaintiff, whatever the same may be, in and to all of the partnership assets and all of the partnership property of the said firm of Spencer Brothers, and all accounts and every article of property of whatsoever kind, nature, or description, wherever the same may be situated, which belonged to the firm of Spencer Brothers, or in which they had any interest, including the right to carry on business under the firm name of Spencer Brothers, which bill of sale also conveyed to the said Spencer Brothers all of the interest of the plaintiff, as a member of the said firm, in said insurance policy.

Plaintiff also introduced in evidence a conveyance from K. Eula Spencer, as executrix and devisee of J. M. Spencer, dated 15 June, 1909, and duly recorded, conveying all of the right, title, and interest whereof the said J. M. Spencer died seized and possessed, in and to all of the property and assets of every

kind and description belonging to or connected with the business and firm of Spencer Brothers, composed of the said J. M. Spencer and G. A. Spencer, with a provision that the said G. A. Spencer should assume and pay all debts of the said firm.

### SECTION OF INSURANCE POLICY.

In the sum of five thousand dollars ($5,000), and promises to pay at its home office, in the city of Philadelphia, unto the firm of Spencer Bros. (comprised of Jones M., George A., and Alexander G. Spencer,), its successors or assigns, the said sum insured, upon receipt of due proof of the death of the insured, during the continuance in force of this policy, upon the following conditions, namely:

### WILL OF J. M. SPENCER.

I, J. M. Spencer, being of sound mind and good health, make this my last will and testament. I bequeath to my beloved wife, K. Eula Spencer, my entire estate, real and personal property; and appoint her my executrix.

Witness my hand and seal this 17 September, 1903.

J. M. SPENCER.

Witnesses: CARRIE W. COLE; J. A. JONES.

### COPY OF LETTER TO A. G. SPENCER.

NEW YORK, 6/16/08.

BROTHER ALEX:

I am sorry you had to go under. I hope you will save something out of it. If I die I want you to have your part of the five thousand insurance I took out for Spencer Brothers. I have written to brother George to see that you get it.

We will sail for southern Italy to-morrow, and will go up through the different countries to London, and then home. Will be gone ten weeks.

Give my love to Mame and Bettie.

     Good-bye,          Your brother,

JONES.

This letter was offered for probate, without notice to the executrix, and probated as a codicil to the above will.

Plaintiff rested.

Each defendant severally moved for judgment of nonsuit. Motion allowed as to each.

The plaintiff duly excepted and appealed.

*Ward & Grimes for plaintiff.*

*A. D. McLean and A. D. Ward for defendants.*

BROWN, J.   The plaintiff claims title to a portion of the insurance money by virtue of the alleged codicil to the will of Jones Spencer.   The record contains no evidence that the letter offered as a codicil was ever duly probated in any court having jurisdiction, and if it was so probated, it is admitted in the record that it was done some time after the probate of the will, and without any notice to the executrix.

Revisal, sec. 3123, provides: "If no executor apply to have the will proved within sixty days after the death of the testator, any devisee or legatee named in the will, or any other person interested in the estate, may make such application upon ten days notice thereof to the executor."

A codicil is a supplement or an addition to a will made by the testator, and to be taken as a part of the testament, and so intended by him at the time of making it.

The formalities to be observed in the execution of wills and codicils and the methods of probating them are for the most part governed by statutory enactments, but it is generally agreed that a codicil must be executed with the same formalities as a will, and the requirements of the statute must be strictly observed.   6 Am. and Eng., 176.

We think the provisions of section 3123 apply to the production and probate of codicils as much so as to the original will, for to be a codicil it must be testamentary in form and intended by the testator to form a part of his testamentary dispositions.

The wisdom of the statute and the cogent reasons for making it applicable to codicils are illustrated here.   In this case the will of J. M. Spencer had been probated, the executrix had qual-

ified and executed the conveyance to her codefendant, G. A. Spencer, more than a year before the alleged codicil purports to have been probated, and she had no notice thereof whatever.

We agree with the learned judge of the Superior Court that the letter in evidence cannot be permitted to operate as a codicil to the will dated 17 September, 1903. The distinguishing feature of all genuine testamentary instruments, whatever their form, is that the paper-writing must appear to be written *animo testandi.*

It is essential that it should appear from the character of the instrument, and the circumstances under which it is made, that the testator intended it should operate as his will, or as a codicil to it.

In the case at bar the testator had made his will in New York City on the eve of his departure for a European trip. This so-called codicil is a letter written to his brother immediately after he had executed his will, and makes no reference to it. It is scarcely probable that the testator regarded or intended such a letter to be in any sense a part of his will. 1 Redfield on Wills, star p. 174 and notes; *St. Johns Lodge v. Callender,* 26 N. C., 335; *Simms v. Simms,* 27 N. C., 684.

The case of *Alston v. Davis,* 118 N. C., 203, is relied upon by plaintiffs. We admit that it sustains plaintiffs' position, but we are unwilling to follow it as a precedent. It is weakened as such by a brief but expressive and forceful dissent, and by the further fact that another member of the Court took no part in the decision.

If the letter in question was duly probated in Craven County, as a codicil to the will, we doubt if it can be attacked in this collateral manner. Possibly the executor should proceed to have the record and judgment of probate set aside in the court where it was made. This point, however, is not made by the learned counsel for plaintiff, and, therefore, we have considered the case, as it was presented, on its merits.

The third and last contention of the defendants appears to us conclusive of this case.

The insurance policy in question was the property of the copartnership, a part of its assets, and was in no sense owned by the individual copartners.

The bill of sale, or assignment, dated 6 January, 1904, executed by plaintiff to J. M. and George A. Spencer, conveyed to them all of plaintiff's interest in the firm's property and assets, including the policy, and it became the property of the firm as a copartnership, and *not the property of Jones Spencer as an individual.*

At the date when the letter was written, the plaintiff owned no part of said policy, as he had conveyed it to his two associates.

J. M. Spencer, in using the words "your part of the $5,000" did not undertake to give his brother his (Jones') part. In fact, Jones Spencer could not convey or bequeath by will his interest in an isolated and distinct item of the partnership property.

It is well settled that a partner cannot transfer his undivided interest in any specific article belonging to the firm (22 A. and E. Enc., page 104); and this is so because each partner is possessed *per my et per tout;* or, in other words, each has a joint interest in the whole, but not a separate interest in any particular part of the partnership property. 22 A. and E. Enc., page 95; American Digest, Cent. Ed., vol. 33, sec. 143 (c).

It is also held that an action cannot be maintained on an assignment of the interest of one partner in a partnership claim, unsupported by proof of the dissolution of the firm, or that the partner's interest was entire (30 Cyc., 495); and that property payable or transferable to others at the death of the testator may not be disposed of by will. 40 Cyc., 1050.

The judgment of nonsuit is

Affirmed.