IN RE WILL OF J. N. LEDFORD.

(Filed 4 December, 1918.)

**Wills—Letters—Holograph Wills.**

A letter written by the deceased a few days prior to his death, giving a list of his property and effects and of his indebtedness, and made in favor of his wife, requesting the addressee to so invest his property that she

will "get it as she needs it," so that she will have a plenty as long as she lives, etc., is valid as a holograph will appointing the addressee as executor, etc., when meeting the requirements of the law that it being the testator's handwriting, his signature appearing therein, and sealed and found in the writer's safe among his valuable papers, etc., there being no particular form of a will necessary, and the writing in question evincing an *animo testandi*. *Spencer v. Spencer*, 163 N. C., 88, cited and distinguished.

APPEAL by caveator from *Long, J.*, at the September Term, 1918, of ROWAN.

This is a caveat to a paper-writing offered for probate as the will of J. N. Ledford upon the ground of mental incapacity on the part of the said Ledford, and that the paper-writing offered for probate is a letter and not a will.

The issue of mental incapacity was found in favor of the propounders, and there is no exception thereto.

The paper-writing offered for probate is as follows:

MR. J. B. IVEY,                                                         3/9/18.
        *Charlotte, N. C.*

DEAR SIR:—Please administer on my estate, and I want my wife (Ella Gnatt Ledford) to have everything I own, but invest it or fix it so she can get it as she needs it so she cannot lose it. Please look after Ella and the children and see that they have what is necessary and do not suffer.

| | |
|---|---:|
| Liberty Bond | $ 500.00 |
| I have stock in Bank of Cooleemee which is worth about | 3,000.00 |
| I have stock in Cooleemee Telephone Company which is worth about | 1,250.00 |
| I have stock in J. N. Ledford Company which is worth about | 9,000.00 |
| I have life insurance, $6,000; notes, $11,000; certificates of deposits, $2,500 | 18,500.00 |
| House and lot, $9,000; other items, $3,250 | 12,250.00 |
| | $44,500.00 |

All I owe is a $500 note at Bank of Cooleemee.

I am on only one note as security, and it is for $400 for A. D. Walker.

My notes, insurance policies, stock certificates are in a tin box in the Bank of Cooleemee, and I have a personal drawer in the safe of J. N. Ledford Company, with papers in it.

Please do the very best you can for my wife and children.

Fix my property so my wife will have plenty as long as she lives, if there is enough.                                         J. N. LEDFORD.  (*Seal*)

The circumstances with regard to this paper-writing having been sealed and put in an envelope and deposited in the safe of the J. N. Ledford & Co. along with all of the valuable papers of J. N. Ledford, and that the entire paper, including the signature thereto, under seal, was in the handwriting of J. N. Ledford, and that the paper-writing was placed in such sealed envelope and deposited in his safe with his valuable papers and had on it the name of J. B. Ivey—all these facts were admitted.

. · The verdict of the jury having established the fact that J. N. Ledford on 9 March, 1918, when this paper-writing was executed, had sufficient mental capacity to make a will, it was agreed by counsel that the other question was a question of law, that is to say, whether or not the paper-writing on its face is a will.

The court held upon all the facts admitted and the findings of the jury and the inspection of the paper-writing itself, which was executed under seal, that the same is the will of J. N. Ledford, and to this ruling the caveators excepted and appealed to the Supreme Court from judgment rendered thereon.

*W. S. Lockhart for caveator.*
*R. M. Gantt for propounder.*

ALLEN, J. No particular form is required for the disposition of property by will, and "the distinguishing feature of all testamentary instruments, whatever their form, is that the paper-writing must appear to be written *animo testandi." Spencer v. Spencer,* 163 N. C., 88.

Tested by this principle, we have no doubt as to the correctness of the ruling holding the paper-writing offered for probate to be in form a will. The paper was written by the maker two days before his death, and evidently in contemplation of death. It enumerates all of his property and contains a statement of his indebtedness; it gives everything to his wife, but wants it invested so the wife will "get it as she needs it," and fixed so she will have plenty as long as she lives, and asks Mr. Ivey, to whom it is addressed, to administer on his estate. The maker could not have given stronger evidence of a purpose to settle his estate and to dispose of it after his death. The fact that it was in the form of a letter detracts nothing from its testamentary character. Numerous cases will be found in the notes to *Richardson v. Hardee,* 15 L. R. A., 635, and *Milon v. Stanley,* 17 L. R. A. (N. S.), 1126, in support of the principle stated in the latter that "The rule that an instrument is valid as a will, if properly executed, whatever its form, provided the intention of the maker was to dispose of his estate after his death, is applicable to writings in the form of letters."

The case of *Spencer v. Spencer, supra,* is no authority for the position that a paper in form of a letter cannot be a will; it simply holds that the paper then offered for probate had none of the earmarks of a will.

Affirmed.