IN RE LAST WILL AND TESTAMENT OF EMMA SOUTHERLAND.

(Filed 8 October, 1924.)

**1. Appeal and Error — Evidence — Competent in Part—Objections and Exceptions.**

Where evidence is competent for some purposes, the party objecting should request that it be confined to that purpose, and his general exception to its admission will not be sustained on appeal.

**2. Wills—Holograph Wills—Evidence—Ambiguity—Intent—Appeal and Error.**

Upon the trial of a caveat to a holograph will, when an inquiry in the issue is to the intent of the testatrix to make the will, or the *animus testandi* wherein the caveator's interest as an heir at law was practically omitted, evidence as to the relationship or regard the testatrix had for the caveator is admissible upon the question of the intent of the testatrix to make a will, though it be of such a character that might influence the sympathy of the jury in the caveator's favor.

**3. Appeal and Error—Evidence—Harmless Error.**

Where the evidence itself and when taken in connection with the verdict cannot have been to the prejudice of appellant, reversible error will not be held by the Supreme Court on appeal.

**4. Wills—Evidence—Intent—Burden of Proof—Instructions.**

Where the *animus testandi* does not appear by construction of the instrument itself offered as a last will and testament, but is left uncertain, it is competent to show it or disprove it by parol or extrinsic evidence for the jury to decide; and an instruction on this phase of the case does not affect the burden of proof to the propounder's prejudice after the execution of the paper-writing has been prima facie proven by him.

---

IN RE SOUTHERLAND.

---

**5. Wills—Signature—"Mother."**

The signature of the word "Mother" to a paper-writing offered as a holograph will is sufficient if it is shown that the maker adopted it as her own for the purpose of executing the instrument.

APPEAL from *Horton, J.,* at March Term, 1924, of DUPLIN.

In March, 1923, the following paper was offered for probate as the last will and testament of Mrs. Emma Southerland:

MT. VERNON SPRINGS, N. C.,
FRIDAY, September 1st.

This is what I want done with a fiew of my things   $200.00 for Bariam Orphanage   My diamond ring to Elbert for his first little girl Black silk taffata for Lucy or Nora   Coat suit for Mary Lawrence $5.00 to the dear little twins,  $2.50 to Bettie's baby Jesse—My wedding ring to lucy   Cameo to Lucy if she wants it.

Give Susie Burdett something   I cant think of anything suitable now.   Elbert have his Papa's knife.

Pay my church dues to the end of year.

Pay my Auxiliary dues for this year, and 5.00 gift to budget   all left to go to Elbert & Lucy.                              MOTHER.

Before the paper was admitted to probate, a caveat was filed.

The cause was thereupon transferred to the civil-issue docket, and at the trial the following verdict was returned:

1. Did Mrs. Emma Southerland write all of the paper-writing propounded with intent that it should be operative as her last will and testament, and was it found after her death among valuable papers and effects?   Answer: No.

2. If said Mrs. Emma Southerland wrote said paper-writing propounded, did she at the time have sufficient mental capacity to make and execute a last will and testament?   Answer:   .......

3. Was the said execution of said paper-writing, if written by Mrs. Emma Southerland, procured by undue influence exerted over her, as alleged by the caveators?   Answer: ...............

4. Is said paper-writing the valid last will and testament of said Mrs. Emma Southerland?   Answer: No.

*R. D. Johnson and Stevens, Beasley & Stevens for propounders.*
*George R. Ward and E. K. Bryan for caveator.*

ADAMS, J.   The only heirs at law of the alleged testatrix are her two children, E. F. Southerland and Lucy Jolly, the propounders, and her

grandchild, Susie Lee, the caveator. Susie's mother, who was a sister of the propounders, intermarried with T. W. Lee on 14 October, 1914, and died on 10 October, 1918. Two days before her mother's death, Susie Lee, when about nine months of age, while critically ill, was committed by her father to the friendly keeping of H. D. Williams and his wife.

The cause came on for hearing, and the propounders, after offering evidence tending to establish the paper-writing as Mrs. Southerland's holograph will, rested their case; whereupon, H. D. Williams, a witness for the caveator, was permitted to rehearse the circumstances under which the child had been received into his home. His testimony included reference to her illness, to that of her mother and Mr. Southerland, and to the difficulty experienced in procuring the services of a nurse. To this evidence the propounders excepted, chiefly on the ground that it was prejudicial to them and threw no light on the mental condition of the alleged testatrix or the question of undue influence.

The issues relating to mental capacity and undue influence were not answered; and if it be granted that the evidence objected to was calculated to excite in the mind of the jury a sympathetic interest in behalf of the caveator, still it was properly admitted if it was competent for any purpose. The admission of evidence which is competent for some purposes, but not for all, does not constitute reversible error unless at the time it is admitted the appellant request that its purpose be restricted. Rule 21, Supreme Court. It will be noted, the first issue incidentally involved the question whether it was Mrs. Southerland's purpose practically to ignore her grandchild in the disposition of her property. The propounders evidently concluded that such was her purpose, for upon no other theory can the writing be upheld as her will. In controverting this theory it was competent for the caveator to show the relation that existed between her and her grandmother; and as tending to show such relation, evidence of certain circumstances to which the witness testified was both relevant and material. It matters not that a part of the evidence may have been incompetent, for a general exception will not be considered unless all the evidence objected to is incompetent. *Dellinger v. Building Co.,* 187 N. C., 845, 848; *Rollins v. Wicker,* 154 N. C., 559.

Nor can the exception to Mrs. Williams' testimony be sustained. What she said was at most merely the recital of a question asked her by Mrs. Jolly, and does not constitute reversible error, particularly in view of the verdict, which omits an answer to the second and third issues. Technical error, unless prejudicial, is generally held insufficient ground for a new trial. *Plyler v. R. R.,* 185 N. C., 357; *Penland v. Barnard,* 146 N. C., 379.

The propounders excepted to certain instructions relating to the first issue, and to the form in which it was submitted, on the ground that the trial judge imposed upon them the burden of establishing the testamentary intent, as well as the formal execution of the paper.

It is not denied that the burden was on the propounders to establish the formal execution of the writing (*In re Chisman,* 175 N. C., 420), but it is insisted that, upon proof of such execution, the *animus testandi* was to be inferred. This principle obtains where the testamentary character of the instrument appears on its face and only a question of construction is presented (*Outlaw v. Hurdle,* 46 N. C., 150); for when the *animus testandi* is established, the character of the instrument is fixed; but when the instrument on its face is equivocal and it is doubtful whether it is intended to operate as a will, a deed, or a gift, parol evidence may be considered. *Robertson v. Dunn,* 6 N. C., 133; *Clayton v. Liverman,* 29 N. C., 92; *Davis v. King,* 89 N. C., 441; *Egerton v. Carr,* 94 N. C., 648; note to *Ferris v. Neville,* 89 A. S. R., 488; note to *Smith v. Smith,* 33 L. R. A., 1018; note to *Shaull v. Shaull,* 11 A. L. R., 49. See, also, *Phifer v. Mullis,* 167 N. C., 405; *In re Seymour,* 184 N. C., 418. In *Heaston v. Krieg,* 119 A. S. R. (Ind.), 475, it is said: "The *animus testandi* does not depend upon the maker's realization that the instrument he is executing is a will, but upon his intention to create a revocable disposition of his property, to take effect after his death."

The paper offered for probate is equivocal. The maker designates several beneficiaries, but names no executor or other person to deliver the gifts. It may fairly be said that there is some indication of disposition *inter vivos* and of testamentary intent; and under these circumstances his Honor properly submitted to the jury the determination of the maker's purpose. The burden of showing such intent was, of course, upon the propounders.

The signature, "Mother," is sufficient if the maker adopted it as her own for the purpose of executing the instrument. *Wise v. Short,* 181 N. C., 320.