In the Matter of the Will of H. L. ROWLAND, Deceased.

(Filed 2 May, 1934.)

**Wills D c—Where execution of paper-writing unequivocally dispositive on its face is duly proven, animus testandi is conclusively presumed.**

Where propounders introduce ample evidence that the paper-writing was in the handwriting of deceased and there is no evidence to the contrary, and the paper-writing is dispositive on its face and unequivocally shows the intention of deceased that it should operate as his will, the *animus testandi* is conclusively presumed, and it is error for the court to submit the question of such intention to the jury over the objection of propounders.

APPEAL by propounders from *Harris, J.,* at November Term, 1933, of FRANKLIN. New trial.

This is a proceeding for the probate in solemn form of a paper-writing propounded as the will of H. L. Rowland, who died in Franklin County on 29 June, 1930.

At the trial, three witnesses, whose credibility was not impeached, testified, each, that he knew the handwriting of H. L. Rowland, deceased, and verily believed that the paper-writing propounded as his will, and every part thereof, including his name which is inserted therein, is in his handwriting. There was no evidence to the contrary. It was admitted by the caveators that said paper-writing is in the handwriting of H. L. Rowland.

There was evidence tending to show that said paper-writing was found, after the death of H. L. Rowland, among his valuable papers and effects. There was evidence to the contrary.

The paper-writing propounded as the will of H. L. Rowland is testamentary in form and purports on its face to be the will of the writer, who thereby gives to persons named therein as devisees, parcels of land described in said paper-writing.

The propounders tendered the following issues:

"1. Is the paper-writing offered for probate, and every part thereof, in the handwriting of H. L. Rowland, deceased, with his name subscribed thereto, or inserted in some part thereof?

2. Was said paper-writing found after the death of H. L. Rowland, deceased, among his valuable papers and effects?"

The court declined to submit these issues to the jury, and in lieu thereof submitted issues which were answered as follows:

"1. Did H. L. Rowland write all of the paper-writing propounded with the intention that it should be operative as his last will and testament, and was it found, after his death, among his valuable papers or effects? Answer: No.

2. Is said paper-writing the valid last will and testament of said
H. L. Rowland?  Answer: No."

From judgment that the paper-writing propounded in this proceeding
as the will of H. L. Rowland, deceased, is not his will, the propounders
appealed to the Supreme Court.

*Yarborough & Yarborough for propounders.*
*Thos. W. Ruffin for caveators.*

Connor, J.  On a former appeal by the propounders from a judgment
in this proceeding adverse to them (*In re Will of Rowland,* 202 N. C.,
373, 162 S. E., 897), it was said: "Whether the paper-writing in ques-
tion is the valid will of H. L. Rowland, deceased, we express no opinion,
but there was error in holding, as a matter of law, that it is not sufficient
in form to constitute a will.  *In re Johnson,* 181 N. C., 303, 106 S. E.,
841; *Alexander v. Johnston,* 171 N. C., 468, 88 S. E., 785. It is dis-
positive on its face, and the name of the alleged testator is inserted
therein, in his own handwriting, followed by the words: 'This being my
will.'  C. S., 4131.  *In re Westfeldt,* 188 N. C., 702, 125 S. E., 531;
*In re Harrison,* 183 N. C., 457, 111 S. E., 867; *In re Bennett,* 180
N. C., 5, 103 S. E., 917."

In *In re Southerland,* 188 N. C., 325, 124 S. E., 632, it is said: "It
is not denied that the burden was on the propounders to establish the
formal execution of the writing (*In re Chisman,* 175 N. C., 420, 95
S. E., 769), but it is insisted that, upon proof of such execution, the
*animus testandi* was to be inferred.  This principle obtains where the
testamentary character of the instrument appears on its face, and only
a question of construction is presented (*Outlaw v. Hurdle,* 46 N. C.,
150); for when the *animus testandi* is established the character of the
instrument is fixed; but when the instrument on its face is equivocal and
it is doubtful whether it is intended to operate as a will, a deed, or a
gift, parol evidence may be considered."

The paper-writing offered for probate in this proceeding as the will
of H. L. Rowland is not equivocal on its face, nor can there be any
doubt that it was intended by the writer as his will, to become effective
at his death, as a disposition of the lands described therein.  The
*animus testandi* is conclusively presumed from the language of the
paper-writing.  It was error to submit to the jury the question of the
intention of the writer of the instrument.

The proceeding is remanded for a new trial on the issues tendered
by the propounders.

New trial.