MABEL L. ROUNTREE v. ALBERT E. ROUNTREE, JR., ET AL.

(Filed 23 March, 1938.)

**1. Wills § 1—**

A paper writing in the handwriting of deceased, found among his valuable papers after his death, and bearing upon its face the *animus testandi,* will be declared his will as a matter of law.

**2. Wills § 3—Paper writing in this case held to disclose the animus testandi which fixes the character of the instrument as a will.**

A letter in the handwriting of deceased, found among his valuable papers, directed to his lawyer kinsman and asking him "to take charge" of his affairs and "arrange so Mable (the writer's wife) can carry on. Everything is left to her," *is held* to disclose the *animus testandi* and to constitute the will of the writer, the letter not having been mailed, but

placed among the writer's valuable papers, and the addressee being a person whom the writer would naturally designate to handle his estate.

**3. Wills § 1—**

A will is the duly expressed mind of a competent person as to what he would have done after his death with those matters and things over which he has the right of control and disposition.

APPEAL by respondents from *Frizzelle, J.*, at February Term, 1938, of LENOIR.

Proceeding under Declaratory Judgment Act, ch. 102, Public Laws 1931, to determine character of paper writing probated as a will.

Following the death of Albert E. Rountree on 3 March, 1934, there was found in his safe, among his valuable papers and effects, in a sealed envelope, written wholly in his own hand, a paper writing in the form of a letter addressed to his kinsman, Honorable George Rountree, Wilmington, N. C., attorney at law and former judge, in words and figures as follows:

"10 January, 1930.

HON. GEO. ROUNTREE,
Wilmington, N. C.

"DEAR COUSIN GEO.:—My affairs are in bad shape and I am in bad health. If managed properly there is enough to keep my family from want. Will you please take charge and arrange so Mable can carry on.

"Everything is left to her.

"Please do this for me.

Sincerely,
ALBERT E. ROUNTREE."

Upon the discovery of this letter the same was probated in common form as the last will and testament of the deceased.

The deceased left him surviving his widow, Mabel L. Rountree, petitioner herein, and four children parties hereto.

At the time of decedent's death he was tenant in common with Sallie R. Crisp and Rosabel R. Cowper of a tract of land in Lenoir County, each being seized of a one-third undivided interest therein.

Mabel L. Rountree, the person designated in the above paper writing as "Mable," and who claims as sole beneficiary and devisee thereunder, has suggested a voluntary division and partition of said tract of land, and the other tenants in common have consented to join with her in the execution of partition agreement or divisional deeds "in the event the petitioner shall be judicially declared to be the owner of a one-third undivided interest therein, . . . but defendants have questioned the validity of the paper writing quoted above as the last will and testament

of Albert E. Rountree, deceased," and for the purpose of obtaining the
desired judicial declaration the respondents deny that the petitioner is
the owner of a one-third undivided interest in the land in question.

The court being of opinion that said paper writing "appears to have
been written *animo testandi,* and, on its face, is a valid will," entered
judgment approving the voluntary partition, from which the respond-
ents have appealed.

*Charles F. Rouse for petitioner, appellee.*
*Albert W. Cowper for respondents, appellants.*

STACY, C. J. On the hearing the matter was properly made to turn
on whether the paper writing, which has been probated in common form
as the last will and testament of Albert E. Rountree, deceased, is suffi-
cient in character and substance to constitute his will. The trial court
ruled in favor of its sufficiency on authority of *Wise v. Short,* 181 N. C.,
320, 107 S. E., 134. With this we agree.

A paper writing which bears upon its face, as the present instrument
does, the *animus testandi* of the maker will be declared his will as a
matter of law. *In re Will of Rowland,* 206 N. C., 456, 174 S. E., 284;
*In re Will of Ledford,* 176 N. C., 610, 97 S. E., 482; *Outlaw v. Hurdle,*
46 N. C., 150. Indeed, when the testamentary intent appears on the
face of a paper writing its character is fixed. *In re Southerland,* 188
N. C., 325, 124 S. E., 632.

In the instant case the writer was in bad health. He wanted his kins-
man, a lawyer and former judge, "to take charge" of his affairs "and
arrange so Mable can carry on. Everything is left to her." This is
dispositive language. *Spencer v. Spencer,* 163 N. C., 83, 79 S. E., 291.
The communication was addressed to one to whom the writer would nat-
urally turn for counsel and advice in the settlement of his estate, but
would hardly have asked "to take charge" of his affairs during his life-
time. He knew that after his death proper management would be neces-
sary to preserve his estate, so he requested his kinsman, who was emi-
nently capable of fulfilling the trust, to "arrange so Mable can carry
on," as everything is left to her. This means that at the writer's going
or demise "everything is left to her." He undoubtedly intended the
letter as his will. He did not mail it, but placed it in his safe among
his valuable papers. "Please do this for me" was his final request. The
writing is testamentary in character. *In re Rowland,* 202 N. C., 373,
162 S. E., 897.

One definition of a will is that it is the duly expressed mind of a com-
petent person as to what he would have done after his death with those
matters and things over which he has the right of control and disposi-

tion. *Richardson v. Cheek,* 212 N. C., 510. The paper writing in question seems to meet this test. *In re Will of Thompson,* 196 N. C., 271, 145 S. E., 393; *In re Johnson,* 181 N. C., 303, 106 S. E., 841. Nothing was said in *In re Bennett,* 180 N. C., 5, 103 S. E., 917, or in *In re Perry,* 193 N. C., 397, 137 S. E., 145, which militates against this position.

The judgment is approved.

Affirmed.