IN RE WILL OF CORA E. REDDING.

(Filed 22 November, 1939.)

1. **Wills §§ 17, 24—**

Proceedings to caveat a will are *in rem* and must proceed to judgment, and motions for judgment as of nonsuit or requests for a directed verdict will be disallowed.

2. **Wills § 21a—**

Evidence tending to show that one of the subscribing witnesses signed the will as such in the presence of testatrix and the other subscribing witness, warrants the jury in finding that the witness' subscription met the requirements of C. S., 4131, notwithstanding that the witness wavered somewhat in her testimony.

3. **Appeal and Error § 39d—**

Where the record does not show what the testimony of a witness would have been had he been permitted to answer the question propounded, the ruling of the court sustaining the objection to the question cannot be held for error.

4. **Wills § 22—**

While the fact that testatrix gives all her property to a stranger to her blood to the exclusion of her kinspeople may be evidence of mental incapacity or undue influence, it raises no presumption thereof and does not shift the burden of proof to the propounders.

APPEAL by caveator from *Bobbitt, J.,* at March Term, 1939, of RANDOLPH.

On 31 January, 1938, a paper writing propounded by Clifford Nixon as the last will and testament of Cora E. Redding was prepared at her home by G. W. Pugh, a justice of the peace, and purports to be signed

by her on that date.   Cora E. Redding died 4 March, 1938.   Caveat was
filed by Delbert P. Foster, brother of the decedent, wherein it is alleged
that the paper writing is not the last will and testament of Cora E.
Redding for the reason that at the time of the execution thereof she did
not have sufficient mental capacity to make a will and that her signature
thereto was procured by undue influence.   Clifford Nixon, the pro-
pounder, by the terms of the paper writing is made the sole devisee and
legatee of the decedent, as well as her executor.

The jury returned the following verdict:

"1. Was the paper writing offered for probate as the last will and
testament of Cora E. Redding signed and executed according to law?
Answer: 'Yes.'

"2. Was the said Cora E. Redding mentally incapable of making a
will?   Answer: 'No.'

"3. Was the execution of said paper writing procured by undue influ-
ence?   Answer: 'No.'

"4. Is the paper writing propounded by Clifford Nixon, and every
part thereof, the last will and testament of Cora E. Redding, deceased?
Answer: 'Yes.' "

From judgment predicated upon the verdict, the caveator appealed
to the Supreme Court, assigning errors.

*J. G. Prevette for caveator, appellant.*
*Moser & Miller for propounder, appellee.*

SCHENCK, J.   The proceedings to caveat a will are *in rem* without
regard to particular persons, and must proceed to judgment, and motions
as of nonsuit, or requests for direction of a verdict on the issues, will be
disallowed.   *In re Will of Hinton,* 180 N. C., 206; *In re Will of West-
feldt,* 188 N. C., 702.

Besides, there was ample evidence to sustain the affirmative answer to
the first issue.   While the witness to the will, Nettie Davis, may have
wavered somewhat in her testimony, still she testified, "I signed my
name there as Nettie Davis.   When I signed it I was at the home of
Mrs. Redding.   I was on the other side.   I saw her sign it," and fur-
ther, that when she was sent for "he (Nixon) told me Cora was making
a will and that she wanted me to sign it." *Stacy, C. J.,* in *In re Will of
Kelly,* 206 N. C., 551, says: "The law makes two subscribing witnesses
to a will indispensable to its formal execution.   But its validity does not
depend solely upon the testimony of the subscribing witnesses.   If their
memory fail, so that they forget the attestation, or they be so wanting
in integrity as willfully to deny it, the will ought not to be lost, but its
due execution and attestation should be found on other credible evidence.
And so the law provides."

There was other evidence than the testimony of the witness Nettie Davis that she was present and witnessed the will. It is not contended that the other witness, G. W. Pugh, did not properly sign as a witness to the will. Therefore, the jury was warranted in finding that the requirements of C. S., 4131, had been met, by the witnessing in the lifetime of the testator and the subscribing in her presence by two witnesses of the will signed by her.

To the court's sustaining objection to the question propounded by the caveator to his witness, as follows: "Had he, Clifford Nixon, ever done anything specially for her (the decedent)," the caveator preserved exception. This exception cannot be held for error since the answer the witness would have made had he been permitted to reply does not appear in the record. *Lumber Co. v. Childerhose,* 167 N. C., 34.

The court properly told the jury that the burden of proof was on the propounder "to satisfy you from the evidence, and by its greater weight, . . . that you should answer the first issue 'Yes.' "

The appellant assigns as error the failure of the court to charge the jury that under the circumstances of this case the burden of proof on the second issue as to mental incapacity was on the propounder—that since the will gave all of the testatrix' property to a stranger to her blood and cut off her kinspeople, brothers and sister, it was unreasonable and unnatural and raised a presumption of mental incapacity, and that the burden was upon the propounder to rebut this presumption. Such is not the law as enunciated by the decisions of this Court. The decisions are to the effect that unreasonableness and unnaturalness in a will are evidence of mental incapacity and should be so considered by the jury upon the issue as to mental incapacity, but not that the burden of showing testamentary capacity is placed upon, or shifted to, the propounder. *Mayo v. Jones,* 78 N. C., 402; *In re Will of Staub,* 172 N. C., 138; *In re Will of Brown,* 200 N. C., 440.

For the same reasons set forth, the assignments of error relating to the failure of the court to charge that the burden of proof was on the propounder on the third issue as to undue influence is untenable. *In re Will of Broach,* 172 N. C., 520.

We have carefully read the record and examined each exception preserved by the appellant, and are left with the impression that clear cut questions of fact were raised by the pleadings and evidence, that these questions were fairly and impartially presented upon the issues submitted, and that while contrary answers, particularly to either the second or third issue, might have been warranted by the evidence, such answers were not impelled thereby; that the charge was in accord with the decisions of this Court, and we, therefore, find

No error.