IN THE MATTER OF THE WILL OF HAZEL V. HODGIN, DECEASED

No. 7119SC6

(Filed 24 February 1971)

1. **Wills § 8— revocation by defacement or obliteration**

Paper writing duly executed as a last will and testament was not revoked, in whole or in part, by defacing, cancellation or obliteration unless testatrix defaced or obliterated the paper writing, or some portion thereof, with the intent thereby to revoke it in whole or in part. G.S. 31-5.1.

2. **Wills § 8— revocation by obliteration or defacement**

A showing of defacement or obliteration by the testatrix is not alone sufficient to show revocation.

3. **Wills §§ 13, 24— caveat proceeding — jury trial — setting aside verdict**

A caveat proceeding is an *in rem* action in which the issue raised by the caveat must be determined by the jury and the court may not grant a motion for a directed verdict; however, the trial judge may in his discretion set aside the verdict when it is against the greater weight of the evidence.

4. **Wills §§ 8, 24— caveat proceeding — failure to set aside jury verdict — abuse of discretion**

In this proceeding to caveat a typewritten attested will, the trial court abused its discretion in failing to set aside as against the greater weight of the evidence a jury verdict finding that pen marks through certain provisions of the will were made by testatrix and that testatrix intended to revoke part of the provisions through which pen marks had been made.

APPEAL by respondents the Arthritis Foundation, Inc., the North Carolina Heart Association, and the American Cancer Society, Inc., from *Long, Superior Court Judge,* 4 May 1970 Session of the Superior Court of RANDOLPH County.

This matter was heard upon the petition of James Vickrey and Charles Vickrey to propound in solemn form a paper writ-

In re Will of Hodgin

ing purporting to be the last will and testament of Hazel Hodgin. The will was executed on 15 August 1963. Hazel Hodgin died on 5 December 1968, and the petition to admit the paper writing, or such portions thereof as the court might deem to be the last will and testament of Hazel Hodgin, to probate in solemn form was filed 14 January 1969.

Citation was issued to all interested parties. Thereafter one grandniece of Hazel Hodgin filed a caveat contending that the paper writing was not the last will and testament of Hazel Hodgin for that by cancellations, obliterations, changes, and additions in her own handwriting, Hazel Hodgin had effectively revoked the purported attested will.

Appellants were the residuary beneficiaries named in the original typewritten paper, which they contend was the true last will and testament of Hazel Hodgin.

The paper writing sought to be admitted to probate in solemn form is as follows:

"MY LAST WILL AND TESTAMENT

I, Hazel V. Hodgin, of sound mind do make, publish and declare the following to be my last will and testament.

ITEM I

I direct that all my just debts, funeral expenses and the cost of administering my estate be paid by my executor hereinafter named. Second, all the remainder of my estate, real, personal or mixed, I give, devise and bequeath unto my husband, Clyde V. Hodgin, for his own use and benefit forever. Third: Should my husband, Clyde V. Hodgin, be not living at my death, it is my will that the amount of the legacy herein provided for him shall be distributed as follows:

~~Five Hundred Dollars (500.00) to Centre Friends Church, Route 1 Greensboro, N. C.~~

                              00
                         200 ̄ ̄
                         ~~400.00~~   = =.= = =
Two ~~Five~~ Hundred Dollars (~~500.00~~) to Bob and Blanch Overman, Pleasant Garden, N. C.

---

In re Will of Hodgin

---

400

Four ~~Five~~-Hundred Dollars (~~500.00~~) to Wyatt and Florence Church 316 Liberty Road, High Point, N. C. ~~400.00~~

400

Four ~~Five~~ Hundred dollars ·(~~500.00~~) to Mr. and Mrs. Ray L. Cox, 659 ~~400.00~~ Castana, Pasadena, California.

600.00

Six ~~Five~~ Hundred Dollars (~~500.00~~) to Charles Vickrey, Pleasant Garden, N. C.

$$\frac{1000}{00}$$

Thousand ~~Five~~-Hundred Dollars (~~500.00~~) to James Vickrey, Route 1, ~~1,000.00~~ Pleasant Garden, N. C.

Five Hundred Dollars (500.00) to Ethel Hodgin Whiteley, Route 2, Manteca, California, Box 96.

Five Hundred Dollars (500.00) to Beulah Hodgin, 407 W. Washington Street, Greensboro, N. C.

Two Hundred Dollars (200.00) to Julia R. Groat, 315 N. El Molino Street, Pasadena, California.

$500 to Marie Hodgin 111 Asbill St. High Pt. N C

~~HAZEL V. HODGIN~~

$500 to Bertha Toomes Teague Rt 1 Randleman

~~One Hundred Dollars (100.00) to Sarah Bates, 1305 N. Craig, Pasadena, California.~~

~~One Hundred Dollars (100.00) to Viola Kelsey, 553 Rio Grande, Pasadena, California.~~

~~The remainder of my estate to be divided equally between The American Cancer Society, Arthritis and Heart Fund~~

00

~~Research.,~~ 100 each

~~FUND~~

I hereby nominate and appoint ~~my husband, Clyde V. Hodgin,~~ executor of this my last will and testament, with full powers to sell, mortgage, lease or in. any other way dispose of the whole or any part of my estate. I direct that he be not required to give any bond or security for the performance of his as such.

Lastly, I hereby revoke any other wills by me heretofore made and declare this to be my last will and testament.

Witness my hand and seal this the 15 day of August, 1963, A.D.

    00

500 ~~to~~ ~~Marie~~ ~~Hodgin~~ ~~111~~ Asbill St. High Point

                  HAZEL V HODGIN        (SEAL)

                  Hazel V. Hodgin

Witness:

NORMA F. EDWARDS

Witness:

BEN ANDERSON"

The changed portions of the paper writing were done by pen. Some were printed and some were written in script. The phrase "$500 to Marie Hodgin 111 Asbill St. High Pt. N C" was printed at the bottom of the first page of the paper writing and the phrase "$500 to Bertha Toomes Teague Rt.1 Randleman" was

written in script. The phrase "500 ͞0͞0͞ to Marie Hodgin 111 Asbill St. High Point" was written in script immediately above the signature of Hazel V. Hodgin, and a portion of that phrase appears to have been stricken.

Upon stipulation the court peremptorily instructed the jury to answer the first issue, as to proper execution of the typewritten portion of the paper writing, affirmatively and the jury did so. The court ruled and so instructed the jury that the purported bequests to Marie Hodgin and Bertha Toomes Teague, are null and void because they fail to comply with the law with respect to holographic bequests in that they were not signed by Hazel V. Hodgin.

As to each of the other marks, the jury was asked to answer two questions—whether the pen marks through the particular portion of the paper writing were made by Hazel V. Hodgin and, if so, did she intend to revoke that particular provision. In every instance the first question was answered "Yes." The jury found that she did not intend to revoke the following: bequest to Centre Friends Church, the provision for Bob and Blanch Overman, Pleasant Garden, N. C.; bequest to Mr. and Mrs. Ray L. Cox, 659 Castana, Pasadena, California; the provi-

sion for Charles Vickrey, Pleasant Garden, N. C.; and the provision for James Vickrey, Route 1, Pleasant Garden, N. C., but did intend to revoke the following: the provision for Sarah Bates, 1305 N. Craig, Pasadena, California; the provision for Viola Kelsey, 556 Rio Grande, Pasadena, California, and the residuary provision for American Cancer Society, Arthritis and Heart Fund Research.

The Arthritis Foundation, Inc., the American Cancer Society, and the North Carolina Heart Association moved to set the verdict aside and for a new trial. This motion was denied. Appellants assign as error the failure to grant this motion, the entry of the judgment, and certain portions of the court's charge to the jury.

*William A. Vaden for caveator appellee.*

*Robert E. Cooper and Michael D. Levine, and Coltrane and Gavin by W. E. Gavin for the North Carolina Chapter, The Arthritis Foundation, Inc., appellant.*

*Manning and Allen by Marcus Hudson for the North Carolina Heart Association, appellant.*

*Jordan, Morris and Hoke by Lucie S. Crumpler for the American Cancer Society.*

MORRIS, Judge.

At trial it was stipulated that all parties were properly before the court; that testatrix died 5 December 1968; that the paper writing was executed 15 August 1963 and "that any pen markings or notations other than signatures" thereon were made subsequent to that date; that the paper writing "contained only the typewritten portions on the day of its execution and contained no pen marks or handwritten words other than the signatures of Hazel V. Hodgin, Norma F. Edwards and Ben Anderson"; that the witnesses to the signature of testatrix would so testify if present; that the paper writing was properly executed and witnessed in compliance with the provisions of G.S. 31-3.3.

In addition to introducing into evidence the paper writing, propounders offered the evidence of James O. Vickrey with

respect to the location of the paper writing when found, the fact that it was in an envelope sealed with masking tape, was in a locked cedar chest "along with some of her belongings, insurance papers, books, etc.", and had marked on the envelope to Jim and Charlie. Propounders offered no other evidence.

Caveator offered one witness, Bertha Toomes Teague, who testified in substance, except where quoted, as follows: that she and Hazel Hodgin were close friends and had been for many years; that Mrs. Hodgin discussed with her "a time or two" her will. "She did tell me she intended to have her will rewritten; that she had scribbled on it so much that she wasn't sure. She had scribbled on her will, and I took her to an attorney to have it rewritten, but she didn't let him do it. And she also called Larry Hammond from here up to my home and talked to him about rewriting her will, but she never got around to having it done as far as I know." "She said that she had included The Heart, Cancer and Arthritis Fund, but that she was going to cancel that." The witness said she did not recall any other statements Mrs. Hodgin made concerning any other dispositions in her will, but she was sure the reference to the Heart, Cancer and Arthritis Fund was in 1967. Witnesses said Mrs. Hodgin did a lot of letter writing, that sometimes she could hardly make out her letters, "and then again they were real plain." On cross-examination the witness said she had heard Mrs. Hodgin "mention about doing something in her will for the Centre Friends Church," that she had included a small amount to that Church in her will, but she never went into detail about how much she left anyone.

G.S. 31-5.1 is applicable:

"A written will, or any part thereof, may be revoked only . . . (2) By being burnt, torn, canceled, obliterated, or destroyed, *with the intent and for the purpose of revoking it, by the testator himself or by another person in his presence and by his direction.*" (Emphasis ours.)

In the record before us there is no evidence whatever as to who made the pen marks and wrote or printed the words and numerals appearing on the particular paper writing sought to be admitted to probate. Assuming that the marks were made by Mrs. Hodgin, there is no evidence of an intent thereby to revoke her will. Certainly there is no evidence of an intent dif-

In re Will of Hodgin

ferent with respect to residents of California than residents of North Carolina.

[1, 2] This paper writing duly executed as a last will and testament was not revoked, in whole or in part, by defacing, cancellation, or obliteration, unless Mrs. Hodgin defaced or obliterated the paper writing, or some portion or portions thereof, with the intent thereby to revoke it, in whole or in part. Defacement or obliteration, even though shown to be made by testatrix, is not alone suffifient to show revocation. *In re Will of Roediger,* 209 N.C. 470, 184 S.E. 74 (1936).

[3] Admittedly, this is an *in rem* action and the issue raised by caveat was for determination by the jury and the court may not grant a motion for directed verdict. *In re Will of Roediger, supra; In re Westfeldt,* 188 N.C. 702, 125 S.E. 531 (1924). The propounders and caveator are not parties to the proceeding to the extent that they can by consent relieve the trial judge of his duty to submit the issue involved to the jury. Nevertheless, in this jurisdiction the Supreme Court has held that the trial judge does have authority to set aside the verdict in his discretion when the verdict is against the greater weight of the evidence. *In re Will of Hiram Barfield,* 242 N.C. 308, 87 S.E. 2d 516 (1955).

[4] In the case before us, the trial judge apparently acted under the mistaken belief that he had no authority to disturb the verdict of the jury. However, where as here the verdict was so obviously against the greater weight of the evidence the court exceeded his authority and discretion in failing to set aside the verdict. The proceeding is, therefore, remanded for a new trial on the issues raised by the caveat; the trial judge, of course, exercising his judgment as to whether a peremptory instruction is proper on any issues.

Error and remanded.

Judges BROCK and VAUGHN concur.