IN THE MATTER OF THE WILL OF LAWRENCE ADOLPH MUCCI, DECEASED

No. 7428SC734

(Filed 6 November 1974)

**Wills § 6— letter sent to attorney — codicil — jury question**
    In this caveat proceeding, there was sufficient evidence for submission to the jury of an issue as to whether a handwritten letter sent by testator to the attorney who had prepared his will, in which testator stated that he wished his present wife to have the right of residing at a certain address until her death, was intended by testator to serve as a codicil to his will.

    Judge BRITT concurring.

    Judge BALEY concurs in Judge BRITT's opinion.

In re Will of Mucci

APPEAL by propounder from *Winner, Judge,* 4 March 1974 Session of Superior Court held in BUNCOMBE County. Heard in the Court of Appeals on 26 September 1974.

This is a proceeding to caveat a paper writing dated 25 September 1971 purporting to be a holographic codicil to the last will and testament of Dr. Lawrence A. Mucci dated 25 June 1971, which was probated in common form at the same time as was the will.

The paper writing attacked by this caveat, admittedly in the handwriting of and signed by Lawrence A. Mucci, is as follows:

"LAWRENCE A. MUCCI, M. D.
4 SPRINGSIDE PARK
ASHEVILLE, N. C. 28803

9-25-71

Atty. George H. Johnson
1 Springside Pk.
Asheville, N. C. 28803

Dear George;

Please note that on my death I want my present wife Mary Elizabeth (Illegible) Mucci to have the right of residing at 4 Springside Park until her death. Also note that the expense of upkeep and care of said residence will rest with the estate if her share of my estate is insufficient for this purpose.

Sincerely Yours

LAWRENCE A. MUCCI"

The caveators alleged "[t]hat the paper writing of September 25, 1971 is not the Last Will and Testament of Lawrence Adolph Mucci for the reason that said Testator had executed a Last Will and Testament dated June 25, 1971, which is attached hereto marked 'Exhibit A', and that said paper writing of September 25, 1971 which is attached hereto marked 'Exhibit B' is merely a letter of instruction from said decedent to his attorney, George H. Johnson, Jr., and contains no testamentary intent or language of revocation with reference to his Last Will and Testament of June 25, 1971."

At the trial in the superior court, George Johnson, the executor of the estate, testified that he is an attorney and that

he resides at 1 Springside Park, Asheville, N. C. He ·was a neighbor and personal friend to Dr. Mucci. He drafted the will of Dr. Mucci dated 25 June 1971, and Dr. Mucci executed this will in Johnson's presence and in the presence of other witnesses at Johnson's home on 25 June 1971. Mr. Johnson received the letter dated 25 September· 1971 by· mail at his home. He took the letter to his office and filed it with Dr. Mucci's will. Prior to receipt of the letter Johnson had not had any communications with Dr. Mucci concerning either the letter or the material contained in the letter. Upon receipt of the letter Johnson told Dr. Mucci that he thought they should formalize the codicil by having it typed and witnessed in the same formal manner as the will. Dr. Mucci told Johnson to "go ahead and draw it up." Approximately three working days later Johnson told Dr. Mucci, who was taking his evening walk past Johnson's house, that he had prepared the codicil. Dr. Mucci went inside Johnson's house, read the codicil, and said: "This is what I want; I have to get witnesses for it; I'll be in touch with you later." About a month later Johnson again contacted Dr. Mucci with respect to the codicil he had prepared. He told Dr. Mucci that he was wearing it out by carrying it back and forth from his office to his house and asked Dr. Mucci to get his witnesses and sign the codicil. Dr. Mucci replied, "I'm not quite ready to do that yet. I'll let you know." From that time, late October 1971, until 7 October 1972, when Dr. Mucci died, Dr. Mucci did not contact Johnson again about the codicil. At no time did Dr. Mucci ever ask Johnson to return the letter dated 25 September 1971 or ask Johnson to destroy it. He never asked Johnson where the letter was and Johnson never told him that it had been placed with his will.

At the close of the propounder's evidence, the trial court directed a verdict for the caveators. The propounder appealed.

*G. Edison Hill for propounder, George H. Johnson, Jr.*

*Morris, Golding, Blue and Phillips by James F. Blue III for Mary E. Mucci, party aligned with propounder.*

*Richard B. Ford for caveators.*

HEDRICK, Judge.

Since the letter dated 25 September 1971 was admittedly in the handwriting of and signed by Dr. Mucci, our primary

concern on this appeal is whether the letter was intended by Dr. Mucci to be a testamentary disposition of his property.

"The distinguishing feature of all genuine testamentary instruments, whatever their form, is that the paper-writing must appear to be written *animo testandi*.

It is essential that it should appear from the character of the instrument, and the circumstances under which it is made, that the testator intended it should operate as his will, or as a codicil to it." *Spencer v. Spencer,* 163 N.C. 83, 88, 79 S.E. 291, 293 (1913).

Whether the requisite testamentary intent is present must be determined not only from a consideration of the language in the paper itself but from a consideration of the facts and circumstances attendant to its preparation and either the manner of its deposit among the valuable papers of the author or its delivery to a third party for safekeeping. *In re Will of Gilkey,* 256 N.C. 415, 124 S.E. 2d 155 (1962) ; *Rountree v. Rountree,* 213 N.C. 252, 195 S.E. 784 (1938) ; *In re Southerland,* 188 N.C. 325, 124 S.E. 632 (1924) ; *In re Bennett,* 180 N.C. 5, 103 S.E. 917 (1920) ; *Spencer v. Spencer, supra.*

We are cited by propounder to *In re Will of Ledford,* 176 N.C. 610, 97 S.E. 482 (1918) and *Rountree v. Rountree, supra,* in support of his contention that a letter wholly in the handwriting of and signed by its author may be probated as a valid will. Suffice it to say that the language contained in the letters in each of the cited cases expressed the writer's testamentary intent more explicitly than the letter in the present case, but a more distinguishing feature is to be found in the cited cases in that in each case the letter was deposited by its author in a safe with other valuable papers and found there after his death.

In *In re Will of Gilkey, supra* at 420, 124 S.E. 2d at 158, addressing himself to G.S. 31-3.4(a) (3), as it relates to a holographic will being found among the valuable papers of the testator and the will being deposited with a third party for safekeeping, Justice Rodman wrote:

"The requirement that the writing be found after death among testatrix's valuable papers was to show the author's evaluation of the document, important because lodged with important documents, to become effective upon death because left there by the author, thereby establishing the necessary *animus testandi.*

If the document had been placed among the author's valuable papers without her knowledge and consent, it would of course have no validity as a will even though found among the papers after the author's death."

Thus, if Dr. Mucci had addressed the letter to Mr. Johnson and had deposited it himself among his valuable papers and it had been found there after his death or if he had sent the letter to Mr. Johnson with instructions for its safekeeping, propounder's contention would be more tenable. In our opinion, the total absence of any evidence in the letter or otherwise that Dr. Mucci sent the letter to his attorney with any directions or instructons for its safekeeping, coupled with evidence that he repeatedly refused to execute a formal codicil prepared by Mr. Johnson after he wrote the letter in question, negates any suggestion that he intended that it operate as a codicil to his will. *In re Bennett, supra.* The letter and all of the evidence of the facts and circumstances attendant to its preparation and delivery to Mr. Johnson and its deposit by him in his office with the will points unerringly to the conclusion that Dr. Mucci did not intend that it operate as a codicil to his will; and a peremptory instruction to the jury on the issues raised by the caveat was necessary. *In re Will of Simmons,* 268 N.C. 278, 150 S.E. 2d 439 (1966) ; *In re Will of Roberts,* 251 N.C. 708, 112 S.E. 2d 505 (1960) ; *In re Bennett, supra.*

Propounder also contends the court erred in directing a verdict for the caveators. In *In re Will of Redding,* 216 N.C. 497, 498, 5 S.E. 2d 544, 545 (1939), we find the following cogent statement:

"The proceedings to caveat a will are *in rem* without regard to particular persons, and must proceed to judgment, and motions as of nonsuit, or requests for direction of a verdict on the issues, will be disallowed. *In re Will of Hinton,* 180 N.C., 206; *In re Will of Westfeldt,* 188 N.C., 702."

See also *Surety Co. v. Casualty Co.,* 11 N.C. App. 490, 181 S.E. 2d 727 (1971) and *In re Will of Hodgin,* 10 N.C. App. 492, 179 S.E. 2d 126 (1971). Thus, it was error for the court in the present case to direct a verdict for the caveators and the proceeding must be remanded to the superior court for a new trial in accordance with this opinion.

---

In re Will of Mucci

---

Reversed and remanded.

Judge BRITT concurring.

While I concur in Judge Hendrick's opinion that the trial court erred in directing a verdict for the caveators, and that the cause should be remanded for a jury to answer the issue of *devisavit vel non* with respect to the alleged codicil, I do not agree that caveators are entitled to a peremptory instruction on the issue.

Without restating all of the facts set out in the opinion, the evidence disclosed that Dr. Mucci, the testator, and Attorney Johnson were neighbors and close friends; that in June of 1971 Attorney Johnson prepared a will for Dr. Mucci who duly executed the will and left it with Attorney Johnson for safekeeping; that Attorney Johnson was named executor in the will; that on 25 September 1971, Dr. Mucci wrote in longhand and mailed to Attorney Johnson the letter alleged to be a codicil; and that Attorney Johnson filed the letter with the original will. I think the evidence was sufficient to raise an inference that Dr. Mucci intended for the letter to serve as a codicil to his will and to place it with Attorney Johnson for safekeeping.

It is true that there was evidence tending to show that Dr. Mucci did not intend that the letter should serve as a codicil to his will, but a resolution of the issue is for the jury rather than the court.

In their brief, caveators argue that under the new Rules of Civil Procedure a directed verdict is permissible in an appropriate caveat proceeding; that the rule in *Redding,* stated in Judge Hedrick's opinion, has been superseded by G.S. 1A-1, Rule 50. Since a valid jury question is raised by the evidence in this case, I hold that we do not reach the question of whether Rule 50 supersedes the rule stated in *Redding.*

I vote to reverse the judgment appealed from, and to remand this cause to the superior court for jury trial of the issue of *devisavit vel non* upon appropriate instructions consistent with this opinion.

Judge BALEY concurs in Judge BRITT's opinion.