IN RE WILL OF HIRAM BARFIELD.

(Filed 25 May, 1955.)

**Trial § 49: Wills § 27—**

The discretionary authority of the trial court to set aside the verdict as being contrary to the greater weight of the evidence extends to a verdict rendered in a caveat proceeding.

APPEAL by caveator from *McKeithen, S. J.,* September-October 1954 Term, CUMBERLAND.

The will of Hiram M. Barfield was probated in common form in Cumberland County, North Carolina, on 15 September, 1952. Thereafter, on 29 September, 1953, a caveat was filed, challenging the validity of the will upon two grounds: (1) Its execution was procured by undue influence and duress; and (2) the maker did not have sufficient mental capacity to make a will. Four issues were submitted and answered by the jury as follows:

1. Was the paper writing offered for probate as the last will and testament of Hiram M. Barfield signed and executed according to law? Answer: Yes.

2. If so, did the said Hiram M. Barfield have mental capacity to make a will? Answer: No.

3. If so, was the execution of said paper writing procured by undue influence? Answer: No.

4. Is the paper writing propounded by Lela Gladys Trogden and every part thereof the Last Will and Testament of Hiram M. Barfield, deceased? Answer: No.

The court entered the following judgment:

"And upon the coming in of the verdict, the propounder through her attorneys, Clark and Clark, having moved the Court in its discretion to set aside the second and fourth issues of the verdict as against the greater weight of the evidence, and parties litigant, through counsel, having agreed that the motion might be heard out of term in chambers, and upon such hearing the Court in his discretion having granted the said motion.

"IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that the verdict rendered by the Jury in the above entitled action be and the same hereby is set aside in the discretion of the Court and a new trial is hereby ordered."

*Seavy A. Carroll and Lemuel M. Williford, By Seavy A. Carroll, for caveator, appellant.*

*Clark & Clark for propounder, appellee.*

PER CURIAM. The caveator challenges the authority of the trial court to set aside the verdict on the ground that in a caveat proceeding there are no parties, a nonsuit cannot be taken or directed, the issue must be passed on by the jury, and hence no discretionary power is lodged in the court to set the verdict aside. This Court has held the trial judge does have authority to set aside the verdict in his discretion when the verdict is against the greater weight of the evidence. On the authority of *In re Westfeldt,* 188 N.C. 702, 125 S.E. 531, and *In re Hargrove,* 207 N.C. 280, 176 S.E. 752, the order of the Superior Court of Cumberland County is

Affirmed.