Pearson, J.
 

 1. The defendant has certainly no right to complain of the charge; the error was in his favor. It is settled that 27 Eliz. (Eev. Code, ch. 50, sec. 2,) which protects subsequent purchasers, does not embrace personal property, and the common law only protected against fraud, rights which existed at the time of the fraudulent conveyance.
 
 Long
 
 v. Wright, decided at this term, ante 290, and the cases there cited.
 

 2. The defendant insisted that the plaintiff had failed to malee out his title; for, that it did not appear from the probate of the will of Benjamin Sutton, that the executors, therein named had qualified. The reply is, in the first place, that both parties claim under deeds executed by Joshua Barwick, and it is a well established principle, that when the plaintiff and defendant both claim under the same person, neither can be heard to deny his title, and the controversy is narrowed down to the question, which of the two has derived the better title from him ; and the defendant can take nothing by showing an outstanding paramount title, in a third person, unless he has procured that title, or can in some way connect himself with the true owner. In the second place, the possession of these slaves has been held under, and in pursuance of, the will, from 1832 to' 1816, when the defendant took them out of plaintiff’s possession, and this action was commenced. In fact the possession has been held under the will up to the present time, for the defendant claims under Joshua Barwick, who derived title under it. An executor may assent to a legacy before probate, and every presumption will
 
 *310
 
 be made in support of a possession which has been held without interruption for so many years.
 

 3. In 1837, the date of the conveyance to plaintiff, Joshua Barwick had but a remainder in right of his wife, after a life-estate in the widow, who was then living, and Barwick could not pass the title during her life. See this same case, 11 Be. Rep. 80.
 

 That is true, but in 1846 the widow died, and Barwick then took the slaves into possession, his wife being still living; this gave him the title which enured to the plaintiff’s benefit by relation back, and, as is said in the books, “fed the estoppel.”
 
 Fortescue
 
 v.
 
 Satterthwaite,
 
 1 Ire. Rep. 566 ;
 
 McNeely v. Hart,
 
 10 Ire. 63;
 
 Christmas
 
 v.
 
 Oliver,
 
 2 Smith’s leading cases, 417, 458.
 

 4. lire will was not admissible as evidence, because the probate shows on its face that it was taken upon insufficient evidence, in this, that the witnesses say merely “ they were well acquainted with the hand-writing of the subscribing witnesses,” but do not say they had ever seen them write, or state how they acquired a knowledge of the hand-writing; for this
 
 Carrier
 
 v.
 
 Hampton,
 
 11 Ire. Rep. 307, is relied on.
 

 We
 
 think when a witness states he is
 
 well acquainted
 
 with the hand-writing, he is qualified to testify to it
 
 prima
 
 facie; and that the mode by which he acquired his knowledge is a matter for cross examination. As, when the witness says he is well acquainted with the general character of a person, he may say what it is, unless upon enquiry as to how long ho had known the person, how far he lived from him, &c., it be shown that he had not the opportunity of becoming so well acquainted with it as to qualify himself to speak to it. Bo this case is distinguishable from
 
 Carrier
 
 v. Hampton; for there the witness did not say he was
 
 well
 
 acquainted with the handwriting, or even that he was acquainted with it; but swore merely that the signature was in the hand-writing of the grantor.
 

 5. It was assumed in the argument that this Court can review the decision of the County Court in regard to the suffi
 
 *311
 
 ciency of the evidence to establish the execution of an instrument, as a will of personalty, if the error appéars on the face of the certificate of probate. ¥e are not now called upon to decide the question, and therefore leave it open; because, supposing we have the power to review the decision. of the County Court in this collateral way, we are of opinion there is no error, and refer to the point now, by way of
 
 protestando,
 
 which is the “exclusion of a conclusion.” In
 
 Marshall
 
 v. Fisher, 1 Jones’ 111, the Court being of opinion there was no error in regard to the probato of the devise, this point was not adverted to.
 

 The probate of a deed for the purpose of registration, is an
 
 ex parte
 
 proceeding, and when it is offered in evidence the Court may treat the probate as inoperative, if an error appears on the face of the certificate of probate,
 
 Carrier
 
 v.
 
 Hampton,
 
 supra;
 
 Horton
 
 v.
 
 Bagley, 1
 
 Hawks’ Rep. 48 ;
 
 Beckwith
 
 v.
 
 Lamb,
 
 18 Ire. Rep. 400. Indeed, that is the only way in which tiie validity of the probate of the deeds of
 
 femes covert
 
 can be examined. But there may be a distinction between this class of cases and the probate of wills of personalty, In England the Ecclesiastical Court has exclusive jurisdiction ; the question of the execution of a will is tried by the certificate of the ordinary, and the Courts of Common Law do not review his decision, holding that it cannot be impeached collaterally, and must be set aside by a direct proceeding in the Court of probate. In this State the County Court is substituted in place of the Ecclesiastical Court, with the right of appeal, which is quite different from an
 
 ex parte
 
 probate; and it would seem that when a Court has exclusive jurisdiction, and a case is properly constituted before it, its action must be conclusive until it be reversed. It is otherwise when there is a want of jurisdiction, or when it appears on the face of the proceedings, that the case was not properly constituted before it, as if process was not served on tire party whose rights are to be affected by the judgment or decree.
 
 Irby
 
 v.
 
 Wilson,
 
 1 Dev. and Bat. Eq. 568;
 
 Drake v. Merrill,
 
 2 Jones’ Rep. 368. So, a grant, issued by a proper authority of land subj ect to grant,
 
 *312
 
 cannot be impeached collaterally in an action of ejectment on the ground of irregularity or fraud in obtaining it; but if it be of land not subject to entry, it is treated as
 
 void,
 
 and the obj ection may bo taken in an action at law.
 
 Stanmire
 
 v.
 
 Powell,
 
 13 Ire. Rep. 312;
 
 Stanmire
 
 v.
 
 Welch,
 
 ante 214.
 

 Per Curiam.
 

 Judgment affirmed.