H. J. LEE v. C. L. BEDDINGFIELD AND MRS. C. L. BEDDINGFIELD.

(Filed 7 November, 1945.)

1. **Evidence § 46—**

   A witness, expert or other, who has acquired knowledge and formed an opinion as to the character of a person's handwriting from having seen such person write or having, in the ordinary course of business, seen writings purporting to be his and which he has acknowledged, or upon which he has acted or been charged, as in the case of business correspondence, etc., may give such opinion in evidence when a relevant circumstance.

2. **Bills and Notes §§ 2a, 27—**

   In an action to recover on a note allegedly signed by defendants, where plaintiff's evidence tended to show, by evidence and opinion of persons familiar with the handwriting of defendants, that the note in question was signed by defendants, when considered with other evidence that the said note was part of the assets of a failed bank, had credits endorsed thereon and was acquired by plaintiff by assignment from the receiver of the bank, there is sufficient evidence to go to the jury on the question of its execution and judgment as for nonsuit was error.

APPEAL by plaintiff from *Williams, J.,* at May Term, 1945, of WAKE. Reversed.

Action on a note for $249.07. The defendants denied the execution of the note and set up certain other defenses not material to the questions

here presented. At the close of plaintiff's evidence motion for judgment of nonsuit was allowed, and plaintiff appealed.

*J. M. Templeton for plaintiff.*
*No counsel contra.*

DEVIN, J. The case was made to turn below upon the sufficiency of the proof of the execution of the note sued on to entitle plaintiff to go to the jury.

As to defendant C. L. Beddingfield plaintiff offered the testimony of a witness, an employee of the State Treasurer's office, whose duty it was to pass on the genuineness of the signatures on checks and vouchers passing through that office. This witness testified that he had seen the signature of C. L. Beddingfield on vouchers issued to him in connection with the State Labor Department, had seen him write his name, and that in witness' opinion the signature on the note sued on was that of C. L. Beddingfield.

As to the defendant Mrs. C. L. Beddingfield, another witness, an employee of the County Board of Education, testified she knew the *feme* defendant, had seen her signature on a variety of papers passing under her observation, including reports with defendant's name attached, which defendant delivered to witness, saying "These are my reports." These reports purported to bear the personal signature of the defendant. "The name on the note (sued on) and reports are exactly alike in every case."

We think this evidence was sufficient, when considered in connection with the other evidence in the case, to withstand a motion for nonsuit. It appeared that the note sued on, originally in the sum of $335, was given to the Commercial National Bank of Raleigh, had credits endorsed thereon, was among the assets of the Bank when it became insolvent, and passed by assignment of the Receiver of the Bank to the person from whom plaintiff acquired it.

In *Nicholson v. Lumber Co.,* 156 N. C., 59 (66), 72 S. E., 86, it was said: "A witness, expert or other, who has acquired knowledge and formed an opinion as to the character of a person's handwriting from having seen such person write or having, in the ordinary course of business, seen writings purporting to be his and which he has acknowledged or upon which he has acted or been charged, as in the case of business correspondence, etc., may give such opinion in evidence when a relevant circumstance." This statement of the law was quoted with approval in *Morgan v. Fraternal Association,* 170 N. C., 75 (82), 86 S. E., 975, and cited in *LaRoque v. Kennedy,* 156 N. C., 360, 72 S. E., 454, and *Oil Co. v. Burney,* 174 N. C., 382, 93 S. E., 912. See also *Ratliff v. Ratliff,* 131

N. C., 425, 42 S. E., 887; *Tunstall v. Cobb*, 109 N. C., 316, 14 S. E., 28; 27 A. L. R., 319; 20 Am. Jur., 700, 705.

Considering the evidence in the light most favorable for the plaintiff, as we are required to do on a motion for nonsuit, we think the evidence offered sufficient to carry the case to the jury as to both defendants, and that the learned judge below was in error in entering judgment of nonsuit.

Reversed.