IN THE MATTER OF THE WILL OF KIRBY WILLIAM LOFTIN, DECEASED

No. 748SC824

(Filed 15 January 1975)

1. **Wills § 26— appeal from caveat proceeding — necessity for jury verdict**

Once a caveat to a probate in common form has been filed, a jury's verdict is indispensable upon the issue of *devisavit vel non;* therefore, upon appeal from a jury verdict in favor of propounders of a holographic codicil, the appellate court cannot direct the trial court to enter judgment holding as a matter of law that the paperwriting in question is insufficient as a holographic codicil.

2. Wills § 10— holographic codicil — name of testator in or on codicil

The handwritten words "K. W. Loftin Store" on a purported holographic codicil and "Will of K. W. Loftin" on the envelope in which it was found, if proved in the manner prescribed by statute, satisfy the requirement of G.S. 31-3.4(2) that the writing be subscribed by the testator or have his name written in or on the will.

3. Wills § 10— probate of holographic will

The statute setting forth the requirements of a holographic will, G.S. 31-18.2, requires testimony from three witnesses that (1) the will is written entirely in the handwriting of the purported testator, and (2) his name appearing in or on or subscribed to the will is in his handwriting.

4. Evidence § 46— opinion as to handwriting — competency of witness

A witness is not competent to express an opinion as to handwriting unless he first has been properly qualified by inquiry into the basis of his ability to form such opinion.

5. Evidence § 46; Wills § 20— witness "well acquainted" with decedent's handwriting — competency to testify

When a witness swears that he is "well acquainted" with a decedent's handwriting and is not asked on cross-examination how he became familiar with it, he is *prima facie* competent to testify as to such handwriting.

6. Wills § 20— handwriting of decedent — failure to qualify witness

A witness who did not testify that he had acquired knowledge of decedent's handwriting or that he was familiar with it was not competent to give an opinion that the handwriting on a purported codicil was decedent's.

7. Wills § 20— bank employee — competency to testify as to signature only

A bank employee who had testified that he had had an opportunity to observe decedent's handwriting only on checks, bonds and safety deposit entry cards was competent only to express an opinion as to the signature on a purported holographic codicil and not to identify the handwriting thereon.

8. Wills § 20— probate of holographic codicil — failure of proof

Propounders of a purported holographic codicil failed to meet the requirements of G.S. 31-18.2 where one of the three witnesses they presented to testify as to the handwriting and signature was not competent to testify and another of the witnesses was competent to testify only as to decedent's signature.

APPEAL by caveator from *Browning, Special Judge,* 18 March 1974 Session of Superior Court held in LENOIR County. Heard in the Court of Appeals 11 December 1974.

This *in rem* proceeding, a caveat to a holographic codicil, was instituted on 23 October 1973, by Leonard W. Loftin, a son

---

---

of decedent Kirby William Loftin and a devisee under his holographic will. The will was admitted to probate on 1 August 1972 and the codicil on 2 February 1973. The caveat alleged that the paperwriting in question is not a holographic codicil because it is not subscribed by the testator, is not dated, was not prepared subsequent to the execution of the will, and was intended only to be the beginning of a new will.

Propounder, Kirby Carlton Loftin, also a son of decedent, testified that he found the will and purported codicil folded together in an envelope labelled "Will of K. W. Loftin" in his father's safe just after his death. M. E. Creech, Clerk of Superior Court, testified that only the holographic will was offered for probate on 1 August 1972. Three employees of First Citizens Bank and Trust Company appeared as witnesses to identify the handwriting on the will and purported codicil, which were introduced into evidence. Propounders also introduced evidence tending to show that the purported codicil was executed after the will, dated 22 March 1968.

Caveator offered no evidence and the case was submitted to the jury on the issue *devisavit vel non* as to both the will and the codicil. From judgment entered upon verdict for propounders, caveator appealed to this Court.

*White, Allen, Hooten & Hines, P.A., by Thomas J. White III, for caveator appellant.*

*Jeffress, Hodges, Morris & Rochelle, P.A., by A. H. Jeffress, and Taylor, Allen, Warren & Kerr, by Lindsey C. Warren, Jr., for propounder appellees.*

ARNOLD, Judge.

[1] Caveator urges this Court either to reverse the judgment below on the ground that the paperwriting in question is insufficient as a matter of law to constitute a holographic codicil or to order a new trial for errors committed in the caveat proceeding. Our courts have uniformly held once a caveat to the probate in common form has been filed, a jury's verdict is indispensable upon the issue *devisavit vel non. In re Will or Morrow,* 234 N.C. 365, 67 S.E. 2d 279; *In re Will of Hine,* 228 N.C. 405, 45 S.E. 2d 526; *In re Will of Redding,* 216 N.C. 497, 5 S.E. 2d 544; *In re Will of Mucci,* 23 N.C. App. 428, 209 S.E. 2d 332. Therefore, we cannot, even if we were so inclined, direct the

trial tribunal to enter judgment holding as a matter of law that the paperwriting in question is insufficient as a holographic codicil.

**[2]** Moreover, we hold that the handwritten words "K. W. Loftin Store" on the purported codicil and "Will of K. W. Loftin" on the envelope in which it was found, *if proved in the manner prescribed by statute,* satisfy the requirement of G.S. 31-3.4(2) that the writing be subscribed by the testator or have his name written in or on the will. *See in re Will of Rowland,* 202 N.C. 373, 162 S.E. 897; *Alexander v. Johnston,* 171 N.C. 468, 88 S.E. 785. *See generally* 7 Strong, N.C. Index 2d, Wills, § 4, pp. 559-60.

**[3]** Declining to hold as a matter of law that propounders may not probate the purported codicil, we now turn to the question of whether they have proved the codicil according to G.S. 31-18.2, which provides in part:

"A holographic will may be probated only in the following manner:

"(1) Upon the testimony of at least three *competent* witnesses that they believe that the will is written entirely in the handwriting of the person whose will it purports to be, and that the name of the testator as written in or on, or subscribed to, the will is in the handwriting of the person whose will it purports to be; . . . (emphasis added.)

The statute requires twofold testimony from three witnesses concerning handwriting of the purported testator: (1) that the will is written entirely in his handwriting, and (2) that his name appearing in or on, or subscribed to, the will is in his handwriting.

**[4]** A careful reading of the record reveals that propounders' evidence, while attempting to follow the statute, failed to do so.

"[A] witness, expert or other, who has acquired knowledge and formed an opinion as to the character of a person's handwriting from having seen such person write or having, in the ordinary course of business, seen writings purporting to be his and which he has acknowledged or upon which he has acted or been charged, as in the case of business correspondence, etc., may give such opinion in evidence when a relevant circumstance."

In re Will of Loftin

*Nicholson v. Lumber Co.,* 156 N.C. 59, 66, 72 S.E. 86, 87. *Accord, In re Will of Bartlett,* 235 N.C. 489, 70 S.E. 2d 482; *Lee v. Beddingfield,* 225 N.C. 573, 35 S.E. 2d 696. *See also* 2 Stansbury, N. C. Evidence 2d (Brandis rev.), § 197. A witness is not competent to express an opinion as to handwriting unless he first has been properly qualified by inquiry into the basis of his ability to form such opinion.

[5] Sam Vause testified that he was employed as Assistant Cashier at First Citizens Bank and Trust Company in Kinston and that he knew Kirby William Loftin, who was a depositor at the bank. He also testified that he was familiar with Loftin's handwriting and signature. It has been held that when a witness swears that he is "well acquainted" with a decedent's handwriting, and is not asked on cross-examination how he became familiar with it, he is *prima facie* competent. *Barwick v. Wood,* 48 N.C. 306. Since caveator did not cross-examine on this point, the witness is presumed competent. He identified the following as being in decedent's handwriting: the words "Will of K. W. Loftin" on the envelope; the entire will and signature; the entire codicil and the words "K. W. Loftin Store." This testimony therefore met the requirements of G.S. 31-18.2.

[6] Lewis F. Medlin testified that he was Vice President of First Cittizens Bank and Trust Company and knew Kirby William Loftin, who did business with the bank and had deposits, accounts, and a safety deposit box there. However, he was not asked, and he did not testify, whether he had acquired knowledge of decedent's handwriting or whether he was familiar with it. This witness, therefore, was not competent to give an opinion as to handwriting, and his testimony did not satisfy the statutory requirements.

[7] Gerald Oliver testified that he was Assistant Vice President of First Citizens Bank and Trust Company, knew Kirby William Loftin as a customer and depositor, and was familiar with his signature and handwriting. He further testified on cross-examination that he had had no opportunity to observe decedent's handwriting other than on checks, bonds and safety deposit entry cards. Thus, the presumption of competency under *Barwick v. Wood, supra,* was rebutted, and this witness was competent only to express an opinion as to signature and not to identify the handwriting. Such testimony is insufficient under G.S. 31-18.2.

[8]   Propounders presented only three witnesses to testify as to the handwriting and signature on the will and purported codicil. Since the second was not competent to testify at all and the third was competent to testify only as to decedent's signature, the requirements of G.S. 31-18.2 have not been met. We are compelled to hold that caveator is entitled to a new trial.

New trial.

Judges MORRIS and MARTIN concur.