## IN RE WILL OF PENLEY

[95 N.C. App. 655 (1989)]

IN THE MATTER OF THE WILL OF CLYDE M. PENLEY, DECEASED

No. 8928SC31

(Filed 19 September 1989)

**Wills § 10— holographic codicil—sufficiency for probate**

 Caveators offered a sufficient writing for probate as a holographic codicil where they introduced two identical photocopies of a holographic testamentary disposition; presented testimony that the testator duly executed his signature on each photocopy before a notary public; offered evidence that the holographic writings were found among the testator's valuable papers; and presented the testimony of three witnesses that they were familiar with testator's handwriting and signature and believed the subject writings and signatures to be in testator's own hand. N.C.G.S. §§ 31-3.4, 31-18.2.

APPEAL by propounders from *Sherrill, W. Terry, Judge.* Judgment entered 3 October 1988 in BUNCOMBE County Superior Court. Heard in the Court of Appeals 29 August 1989.

The testator, Clyde M. Penley, died 27 July 1987. His attested written will of 9 March 1983 was probated in common form on 3 August 1987. Letters testamentary were issued to testator's brother, James Penley, as provided by the will. A caveat, alleging a holographic codicil to the attested will, was filed 4 August 1988 by Joseph Penley, son of the testator. Citations were issued and served on the beneficiaries under the respective writings, and the parties were aligned by the superior court on 11 September 1988. Propounders were designated as James Penley and Carroll Penley. Caveators were designated as Joseph Penley, Betty Penley, and the Weaverville Baptist Church. The case was tried before a jury on 19-21 September 1988.

The record discloses that caveators were permitted to introduce into evidence two photocopies of a holographic testamentary disposition dated 26 January 1984. These writings were identical in every respect. The testator's original signature appeared on each photocopy. These signatures were duly acknowledged by testator before a notary public. Caveators also introduced testimony as to authenticity of the handwriting and signatures, as well as on the location where the writings were found after testator's death.

At the close of evidence, propounders moved for directed verdict pursuant to Rule 50 of the North Carolina Rules of Civil Procedure on the grounds that caveators had failed to offer a writing subject to probate. This motion was denied. All issues were answered in favor of caveators and judgment declaring that the attested written will was modified by a duly executed holographic codicil was entered 3 October 1988.

Subsequent to the entry of judgment for caveators, the trial court entered an order awarding counsel fees to counsel for caveators, as cost in the action, in the sum of $36,601.50.

From both the judgment and the order for counsel fees, propounders have appealed.

*Ronald W. Howell, P.A., by Ronald W. Howell, for propounder-appellants.*

*Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Larry S. McDevitt and Michelle Rippon, for caveator-appellees.*

WELLS, Judge.

Propounders' principal assignment of error goes to the trial court's denial of their motion for directed verdict. They argue that caveators did not offer a sufficient writing under the statute to be subject to probate. We disagree. A holographic will is one that (1) is entirely in the testator's own handwriting, (2) bears the testator's name in his own handwriting, and (3) was found among the testator's valuables. N.C. Gen. Stat. § 31-3.4 (1984). Such a writing may be offered for probate only upon the testimony of at least one witness that it was found among the testator's valuables, and of at least three witnesses that they each believe it to be entirely in the testator's own handwriting. *Id.* at § 31-18.2. A witness is competent to testify regarding the authenticity of a testator's handwriting where it is shown that such witness is familiar with both the testator's handwriting and signature. *In re Will of Loftin*, 24 N.C. App. 435, 210 S.E.2d 897, *cert. denied*, 286 N.C. 545, 212 S.E.2d 169 (1975). In reviewing the denial of a motion for directed verdict under Rule 50 of the North Carolina Rules of Civil Procedure, the standard to be applied is whether the evidence, taken in the light most favorable to the nonmovant and giving the nonmovant the benefit of every reasonable inference arising therefrom, is sufficient to go to the jury. *Alston v. Herrick*, 76 N.C. App.

IN RE WILL OF PENLEY

[95 N.C. App. 655 (1989)]

246, 332 S.E.2d 720 (1985), *affirmed*, 315 N.C. 386, 337 S.E.2d 851 (1986). The court should deny a motion for directed verdict if there is more than a scintilla of evidence to support the nonmovant's *prima facie* case. *Rice v. Wood*, 82 N.C. App. 318, 346 S.E.2d 205, *cert. denied*, 318 N.C. 417, 349 S.E.2d 599 (1986).

Applying these principles to the case at bar, we find no error. Caveators presented testimony that the holographic writings were found among papers which included the titles to testator's car and house trailer, copies of property deeds, health insurance papers, and cancelled bank notes. Caveators further presented testimony that testator duly executed his signature on the writings before a notary public. Finally, caveators presented the testimony of three witnesses who all testified that they were familiar with both the handwriting and signature of the testator and that they believed the subject writings and signatures to be in testator's own hand. It is true that the familiarity of one witness with testator's handwriting was based on knowledge acquired some forty years earlier during high school. This, however, does not go to admissibility but to credibility. *In re Williams' Will*, 215 N.C. 259, 1 S.E.2d 857 (1939). Moreover, when coupled with the testimony of the other two witnesses, one of whom was the testator's former wife, the evidence that the writings were in testator's own hand, taken in the light most favorable to caveators, was sufficient to take the case to the jury.

Because caveators presented sufficient indicia of a holographic will under N.C. Gen. Stat. § 31-3.4 and because they satisfied the requirements of N.C. Gen. Stat. § 31-18.2, propounders' motion for directed verdict was properly denied. Propounders' remaining assignments of error have been carefully considered, are found to be without merit, and are overruled.

We have also carefully reviewed the trial court's order for counsel fees and the materials submitted in support of caveators' petition for counsel fees, and we affirm that order.

In the trial, we find

No error.

The order for counsel fees is

Affirmed.

Judges PHILLIPS and PARKER concur.